**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John Doe<br><br>         Plaintiff,<br><br>    - v. -<br><br>DraftKings Inc.,<br><br>          Defendant. | NO.: 24-cv-_____(  )<br><br>**NOTICE OF REMOVAL**<br><br>***DEFENDANT DEMANDS TRIAL BY JURY*** |

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DraftKings, Inc. ("DraftKings" or "Defendant"), by and through its undersigned counsel, hereby removes the civil action bearing the caption *Doe v. DraftKings Inc*., pending in the Supreme Court of Queens, County of Queens, with Index No. 706086/2024 ("the State Court Action"), from the Supreme Court of the State of New York, to the United States District Court for the Eastern District of New York.  In support of this Removal DraftKings avers as follows:

1. As explained below, this removal is proper because there is complete diversity of citizenship, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Notice of Removal is timely filed.

**THE STATE COURT ACTION**

2. On or about June 13, 2022, Steven B. Jacobs, Esq., acting as counsel for someone suing using the pseudonym "John Doe" ("Plaintiff"), commenced an action against DraftKings by filing a Complaint in the Supreme Court of the State of New York, County of Queens.

3. A copy of the summons and complaint served in the State Court Action is annexed hereto as Exhibit A.

4.      In addition, an affidavit of service and certain paperwork seeking an Order to Show Cause to allow the Plaintiff to proceed under the pseudonym was filed in the State Court Action, but an Order to Show Cause was never so-ordered.  That paperwork is annexed hereto as Exhibit B.  To the best of DraftKings' knowledge, information, and belief those are all of the papers filed in the State Court Action.  A copy of the docket from the State Court Action, produced using that Court's electronic records, is annexed hereto as Exhibit C.

5.      The Complaint asserts claims sounding in tort and seeks an indeterminant amount of compensatory damages but "no less than $1 million," plus punitive damages, interest and costs.

6.      According to the filed affidavit of service (Ex. B) on or about March 26, 2024, about 3:15 p.m. EDT, Plaintiff's counsel caused a copy of the summons and complaint to be served on DraftKings at its headquarters address at 222 Berkeley Street, Boston Massachusetts.

7.      DraftKings has not previously attempted to remove this action.

8.      The United States District Court for the Eastern District of New York is the appropriate court for filing a Notice of Removal because, according to the allegations of the complaint, a substantial portion of the events giving rise to the claim occurred in Queens County and Queens County is within the Eastern District of New York.  *See* 28 U.S.C. §§ 1391(b)(2); 112(b).

### BASIS FOR REMOVAL

9.      The State Court Action may be removed to this Court because there is complete diversity of citizenship between the Plaintiff and DraftKings and the amount in controversy exceeds $75,000 excusive of interest and costs.  *See* 28 U.S.C. §§ 1332, 1441.

10.      The Complaint establishes that there is complete diversity between the parties.

Case 1:24-cv-03077-NCM-VMS   Document 1   Filed 04/24/24   Page 3 of 5 PageID #: 3

The Complaint alleges that Plaintiff is an individual domiciled in the County of Queens, New York. Ex. A ¶ 9. While DraftKings cannot confirm the true identity of John Doe, to the best of its knowledge, information, and belief those allegations of citizenship are correct. (By this filing DraftKings, however, does not consent to, and affirmatively objects to the Plaintiff using a pseudonym, reserving such issue for this Court's consideration at an appropriate juncture.) Thus, Plaintiff is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1).

11.     The Complaint alleges that DraftKings is incorporated in Delaware and maintains its principal place of business in Massachusetts. Ex. A at ¶ 10. In fact, DraftKings, Inc. is incorporated in the State of Nevada. It does, as alleged, have its principal place of business in Massachusetts. Thus, regardless of whether it is incorporated in Delaware or Nevada DraftKings is not a citizen of New York, 28 U.S.C. § 1332(c)(1), resulting in complete diversity between Plaintiff and DraftKings.

12.     As noted above, the amount alleged to be in controversy exceeds $75,000, exclusive of interest and costs. The "Prayer for Relief" section of the Complaint expressly seeks "compensatory damages" in excess of $ 1 million, exclusive of interest and costs. *See* Ex. A at page 20.

13.     Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and this action may be removed pursuant to 28 U.S.C. § 1441 *et seq.*

<strong>TIMELINESS OF REMOVAL</strong>

14.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because DraftKings filed this Notice of Removal within 30 days of when DraftKings was served with the Complaint.

15.     Upon the filing of this Notice, Defendant will give written notice to Plaintiff's

counsel via email and by e-filing with the New York State Courts Electronic Filing ("NYSCEF") system, a true and correct copy of this Notice of Removal with the Clerk of the Court, New York Supreme Court, Queens County, as required by 28 U.S.C. § 1446(d).  A copy of the referenced state court notice, exclusive of exhibits, is annexed hereto as Exhibit D.

16.     By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including but not limited to any defenses related to insufficient service of process and lack of personal jurisdiction.

17.     ***DEFENDANT HEREBY DEMANDS TRIAL BY JURY AS TO ALL CLAIMS SUBJECT TO JURY TRIAL.***

WHEREFORE, Defendant removes the above-captioned action now pending against it in the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, wherein it shall proceed as an action originally commenced therein.

Dated:  New York, New York
        April 24, 2024

SKARZYNSKI, MARICK AND BLACK LLC

By:___*/s/ James Sandnes*_____
        James Sandnes

One Battery Park Plaza
New York, New York 10001
212.820.7700
jsandnes@skarzynski.com

-and-

Richard Patch
(*pro hac vice* application forthcoming)
Rees Morgan
(*pro hac vice* application forthcoming)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104
415.391.4800
rpatch@coblentzlaw.com

*Counsel for Defendant DraftKings, Inc.*


TO:     Clerk of the Court
        Supreme Court of the State of New York
        County of Queens

        Steven Jacobs
        28-40 Jackson Ave. #26E
        Long Island City, NY 11101
        (610) 608-3304
        stevenbjacobs@gmail.com


4858-1536-7353, v. 1