

Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
P 212.820.7700 | F 212.820.7740
skarzynski.com

**James T. Sandnes**
Direct Line: 212.820.7760
jsandnes@skarzynski.com

**Via ECF Filing**  May 1, 2024
The Hon. Natasha C. Merle, USDJ
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Doe v. DraftKings, Inc. No. 1:24-cv-03077-NCM-VMS

Dear Judge Merle:

Defendant DraftKings, Inc. ("DraftKings") respectfully submits this letter to request a pre-motion conference before filing a motion to dismiss pursuant to Rule 12(b)(6). In addition, DraftKings objects to Plaintiff "John Doe" proceeding pseudonymously. There has been no showing of a justification for doing so and use of the pseudonym prejudices DraftKings' ability to respond to the Complaint and otherwise defend itself in this action. Accordingly, DraftKings respectfully proposes that, as a threshold matter, the parties brief the propriety of using a pseudonym before it is required to file the anticipated motion to dismiss.

## As A Threshold Matter, Plaintiff Should Not Be Permitted To Proceed Pseudonymously

Plaintiff filed the Complaint in Supreme Court, Queens County using a pseudonym without obtaining approval from that or any court. Although he did file Order to Show Cause papers seeking leave, those papers were never presented, much less so-ordered by the Justice and have not been advanced in this Court since removal.

Plaintiff should not be allowed to maintain his action under a pseudonym. Pursuing a civil action under a pseudonym is disfavored. *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (*per curiam*) ("pseudonyms are the exception and not the rule, and . . . a party must make a case rebutting that presumption."). A "plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). Courts consider ten "non-exhaustive" factors when balancing these competing interests. These include, but are not limited to, whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously and whether identification poses a risk of physical harm to the party seeking to proceed anonymously. *Doe v. Telemundo Network Grp. LLC*, No. 22 CIV. 7665 (JPC), 2023 WL 6259390, at *3 (S.D.N.Y. Sept. 26, 2023).

Here, per Plaintiff's own allegations, his alleged assailants already know his name, and home and work address, and thus Plaintiff proceeding anonymously would not protect him from risk of suffering physical injury at their hands. *Cf. Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (assailants were already aware of Plaintiff's identity, so no increased risk followed from disclosure of plaintiff's identity). He has also named the individuals who allegedly arranged the assault and stated the details of the alleged assault in his publicly-filed

Complaint. Those details would necessarily be known to the assailants and allow them to determine Plaintiff's identity.

On the other hand, DraftKings *is* prejudiced by Plaintiff proceeding anonymously. "Courts consider a variety of potential prejudice to a defendant including "difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." *Telemundo Network Grp. LLC*, 2023 WL 6259390, at *5. Here, Plaintiff has publicly accused DraftKings of aiding and abetting a physical assault on a customer – a serious accusation and an attack on DraftKings' reputation, and fundamental fairness dictates that he should not be permitted to litigate behind a "cloak of anonymity." *Id.; See also Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("Plaintiff has chosen to bring this lawsuit. She has made serious charges. . . Fairness requires that she be prepared to stand behind her charges publicly").

At the very least, DraftKings is entitled to know with certainty Plaintiff's true identity to properly respond to the Complaint and conduct discovery, even if his identity remains sealed from the public record.

**Plaintiff Fails to State A Claim**

In any event, even on the sparse complaint presented, Plaintiff fails to state claims for aiding and abetting assault and battery, intentional infliction of emotional distress, and negligence claims against DraftKings.

Plaintiff claims that around March 2023, unidentified individual(s) in the "upper echelon" of DraftKings provided sensitive personal information from Plaintiff's DraftKings account to a gambler known as "Spanky" and Spanky's "associate," Oscar Jones, who, in turn, used this information to send an unidentified assailant to physically accost Plaintiff and demand that he pay money owed to Spanky and Jones. Plaintiff also alleges that later that year, those same unidentified members of the "upper echelon" at DraftKings assisted in changing the email address associated with Plaintiff's DraftKings account in order to assist a "bad actor," which Plaintiff believes to be Spanky. (Compl. ¶ 23, 29, 31, 35). These implausible and baseless allegations fail to state any viable cause of action.

DraftKings cannot be vicariously liable for torts of employees acting outside the scope of their employment. To state a claim under *respondeat superior*, "a plaintiff must plead facts showing, among other things, that the tortious conduct causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014). Plaintiff here pled the opposite. Assuming the allegations are true, as we must do, any such disclosure of Plaintiff's information (if such disclosure happened) or physical accosting of plaintiff (if such accosting occurred) was not authorized by DraftKings and certainly was not done within the employee's scope of employment or to further DraftKings' interests. Plaintiff's aiding and abetting claims and intentional infliction of emotional distress claim must be dismissed on this basis alone. *See, e.g., See, e.g., Poppel v. Est. of Archibald*, No. 1:19-CV-01403 (ALC), 2020 WL 2749719, at *1, 5-6 (S.D.N.Y. May 27, 2020) (granting motion to dismiss because employee was not acting within the scope of his employment when he committed tort); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677-680 (S.D.N.Y. 2014) (same).

Plaintiff's aiding and abetting claims also fail because Plaintiff did not plead facts showing that DraftKings: i) had actual knowledge that Spanky and/or his associates planned to assault

Plaintiff; or ii) provided substantial assistance by divulging Plaintiff's information with the deliberate intent of aiding in the assault. "Actual knowledge is required to impose liability on an aider and abettor under New York law." *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023). Plaintiff merely alleges that he gave vague warnings of potential, indeterminate future harm, which does not plead *actual knowledge* by DraftKings, or its employees, of the specific assault allegedly carried out by Spanky's associate.

Plaintiff has not alleged facts showing that DraftKings substantially assisted "Spanky's thug" with his assault and battery of Plaintiff by "committing some overt act, either by words or conduct in furtherance of the assault." *Deutsche Bank*, 671 F. Supp. 3d 387 . Plaintiff pleads no facts to implicate DraftKings in the assault, and the Complaint does not allege that the alleged disclosure of Plaintiff's personal information was necessary to allow the assault to take place. Similarly, no facts alleged support that an employee at DraftKings divulged Plaintiff's information with the deliberate intent of aiding in that assault. *Id.*; *see also Nat. Westminster Bank USA v. Weksel*, 511 N.Y.S.2d 626, 630 (App. Div. 1987) (allegations must show what the defendant "can be said to have done with the intention of advancing the [tort's] commission").

Plaintiff's allegations that DraftKings disclosed his account information to a third party also fall far short of alleging extreme and outrageous conduct required to state a claim for intentional or negligent infliction of emotional distress. *See Kiser v. HSH Nordbank AG,* 2010 WL 286647, at *1 (S.D.N.Y. Jan. 20, 2010) (extreme and outrageous conduct must " 'go beyond all possible bounds of decency, and ... be regarded as atrocious, and utterly intolerable in a civilized community.'"); *Doe v. Guthrie Clinic, Ltd.*, No. 11-CV-6089T, 2012 WL 531026, at *8 (W.D.N.Y. Feb. 17, 2012), *aff'd in part,* 519 F. App'x 719 (2d Cir. 2013), and *aff'd,* 740 F.3d 864 (2d Cir. 2014) (dismissing IIED claim based on unauthorized disclosure of personal health information). Plaintiff also fails to plead intent and causation – no allegation suggests that DraftKings acted out of a malevolent desire to hurt Plaintiff, nor is there a causal connection between DraftKings' alleged conduct and Plaintiff's alleged injuries. *Slue v. New York Univ. Med. Ctr.,* 409 F. Supp. 2d 349, 372 (S.D.N.Y. 2006) (IIED is a "tort of malevolence," which requires showing that defendant acted out of a desire to hurt plaintiff.). Plaintiff's intentional infliction of emotional distress claim also is duplicative of his other claims, and should be dismissed on that basis alone. *Wolkstein v. Morgenstern*, 275 A.D.2d 635, 637(N.Y. App. Div. 1st Dep't 2000) ("Generally, a cause of action for infliction of emotional distress is not allowed if essentially duplicative of tort . . . causes of action.")

In addition, Plaintiff failed to plead causation or breach, dooming his negligence and negligent infliction of emotional distress claims. Alleged negligence "is not enough by itself to establish liability;" rather, it must be "a proximate, or legal, cause" of Plaintiff's harm. *Hain v. Jamison*, 68 N.E.3d 1233, 1236-1237 (N.Y. 2016). Where the alleged injury was caused by an intervening criminal act, that act must be "'a natural and foreseeable consequence of a circumstance created by [the] defendant.'" *Id*. at 1237-1238. The Complaint does not establish that Plaintiff's injuries were a foreseeable consequence of the alleged disclosure of his information. Finally, the negligent supervision and retention claim fails because no allegation suggests that DraftKings knew or should have known of the unidentified employee's propensity for the alleged conduct that caused the injury. *Naughright v. Robbins*, 2014 WL 5315007, at *8 (S.D.N.Y. Oct. 17, 2014).

Respectfully submitted,<br>
/s *James Sandnes*<br>
James Sandnes

cc: plaintiff's counsel vis email

017373.0018 4888-9520-1977.5