FILED
May 22, 2024, 8:08 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

The Hon. Natasha C. Merle, USDJ
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Steven B. Jacobs
2840 Jackson Ave.
Apt. 26E
Long Island City, NY 11101
T  +1 610 608 3304
E  stevenbjacobs@gmail.com

By Electronic Document Submission via NYED Website

May 22, 2024

Re:  Doe v. Draftkings, Inc. No. 1:24-cv-03077-NCM

Dear Judge Merle:

On behalf of plaintiff in the above-captioned action ("Plaintiff"), I submit this letter jointly, with the permission of defendant DraftKings Inc. ("DraftKings").  This letter is submitted pursuant to Federal Rule 26(f)(2) which requires the parties to submit a written report to the Court outlining the parties' proposed discovery plan.  The parties held a Rule 26(f) conference on May 8, 2024, but were unable to agree on any discovery plan.  Each party's position is set forth below.

**Plaintiff's Position**

The parties were unable to agree on a discovery plan at the Rule 26(f) conference because DraftKings took the position that no discovery should take place during the pendency of DraftKings' motion to dismiss.  Plaintiff explained that no applicable rule permits DraftKings to unilaterally stay discovery, and that he believes discovery should go forward forthwith.

Plaintiff has served an initial set of narrowly tailored document requests on May 21, 2024, which seek limited documents from a limited time period.  The burden on DraftKings in responding to these requests is minimal, and Plaintiff expects the responses should get to the heart of this matter.  Moreover, once Plaintiff receives DraftKings' responses, he believes a limited set of three to five depositions should be all that are needed in this matter.  As such, discovery should go forward immediately, consistent with all applicable rules.

Upon review of DraftKings' position set out below, DraftKings appears to be justifying its refusal to engage in discovery by claiming that it will, at some point in the future, make a motion to stay discovery.  Plaintiff believes that DraftKings' position is legally untenable, as it is required to engage in discovery under all applicable rules unless and until the Court enters an order staying discovery.  Needless to say, in any event, Plaintiff also strongly disagrees with each of DraftKings' reasons for a discovery stay, but this joint letter notifying the Court regarding the parties' 26(f) conference is not the appropriate place to respond.  In particular, the threats set forth in the Complaint are still very real for Plaintiff, and he is prejudiced by any delay in this lawsuit.

Finally, DraftKings' purported "concerns" that the lawsuit is "unmeritorious" are disingenuous, baseless, and a touch ironic in light of DraftKings' stubborn refusal to provide any useful information regarding DraftKings' conduct for at least eight months, including throughout the pendency of this lawsuit to date.

**DraftKings' Position**

DraftKings is concerned that there is not a proper basis for this lawsuit, and believes it is unmeritorious, as set forth in its letter motion (ECF No. 6). Plaintiff claims that DraftKings was somehow involved in a supposed campaign of harassment against him, including assisting other alleged tortfeasors (who were not named as parties to this action) to harm him. Despite DraftKings' skepticism as to any factual basis for those allegations, it has been working in good faith to provide Plaintiff with information regarding his allegations. It intends to continue doing so. The parties have discussed that DraftKings' voluntary, informal disclosures may present a meaningful opportunity to resolve this litigation.

DraftKings does not believe that formal discovery is appropriate at this juncture for at least three reasons. First, the litigation is in its earliest stages, and Plaintiff has not established that there are any factual issues that need to be explored immediately, or that he will suffer any prejudice from a short stay. Second, as more fully set forth it in its letter motion (ECF No. 6), DraftKings has presented strong and meritorious arguments to dismiss Plaintiffs' claims entirely. Third, DraftKings would be prejudiced by engaging in formal discovery while Plaintiff is proceeding by pseudonym. As set forth in its letter motion (ECF Nos. 6, 7), DraftKings' position is that Plaintiff is not entitled to proceed under a pseudonym, and has requested briefing on the issue. That issue should be resolved prior to commencement of discovery, because Plaintiff's proceeding by pseudonym imposes unnecessary burdens on DraftKings' ability to take discovery from third parties, which will be necessary if the matter continues. In addition, DraftKings has informed Plaintiff they may provide him with the requested information informally. Nevertheless, Plaintiff served requests for production on May 21, 2024. Contrary to Plaintiff's contention, the requests are not narrowly tailored, and the burden on DraftKings to responding to the requests is not minimal.

For the foregoing reasons, DraftKings believes a short stay of discovery pending the Court's resolution of its motion to dismiss is appropriate, and will allow the parties to continue efforts to resolve this dispute. DraftKings also objects to providing initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(C) at this time. If the parties cannot come to a resolution on the timing of discovery, DraftKings requests the opportunity to submit a motion and briefing seeking to stay discovery. Defendant hopes to avoid those additional costs and burdens on the Court.

\*\*\*

Respectfully Submitted,

*/s/ Steven B. Jacobs*

Steven B. Jacobs
cc:     Counsel for Draftkings, by Email and E-Filing