**FILED**
**Jul 8, 2024, 5:37 PM**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office via**
**Box.com**

The Hon. Natasha C. Merle, USDJ
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Steven B. Jacobs
2840 Jackson Ave.
Apt. 26E
Long Island City, NY 11101
T  +1 610 608 3304
E  stevenbjacobs@gmail.com

By Electronic Document Submission via NYED Website

July 8, 2024

Re:  *Doe v. Draftkings, Inc. No. 1:24-cv-03077-NCM-VMS*

Dear Judge Merle:

On behalf of plaintiff *pro se* in the above-captioned action ("Plaintiff"), I write in response defendant DraftKings Inc.'s ("DraftKings") letter dated June 28, 2024 seeking to stay discovery in this matter pending the outcome of DraftKings' motion to dismiss (the "Letter").  As set forth below, discovery should not be stayed, and DraftKings should be compelled to respond to Plaintiff's document requests and provide discovery in accordance with applicable rules.

Background

Plaintiff's complaint alleges that DraftKings aided and abetted an assault and battery against Plaintiff and provided bad actors with access to Plaintiff's DraftKings' account containing private information and data.  DraftKings has stonewalled Plaintiff for over a year (since well before this action was filed), refusing to provide even basic information regarding *Plaintiff's own account*.  As DraftKings acknowledges in its Letter, Plaintiff served document requests on May 21, 2024.  After DraftKings sought and received an extension for its responses, it served responses and objections on July 1, 2024 in which it refused to produce *a single document*, in direct contravention to applicable rules.  Instead, DraftKings interposed a host of baseless objections regarding burden, notwithstanding that all of Plaintiff's requests are limited to a time period of just over one year, are narrow-gauge, and are generally limited to seeking documents and communications that directly concern Plaintiff.

Indeed, at a meet-and-confer on July 3, 2024, in the spirit of cooperation, Plaintiff offered to limit DraftKings' responses at this stage to documents concerning Plaintiff for the relevant time period of February 23, 2023 through the present.  DraftKings has refused to produce a single document.

DraftKings' behavior does not match its bluster.  Its motion to dismiss refers to Plaintiff's allegations as "implausible," but DraftKings refuses to adhere to its discovery obligations and produce *any* documents that, in theory, would easily refute the supposedly "implausible" allegations.  By way of example, Plaintiff's complaint alleges that DraftKings worked with a hacker to change the registered email address on Plaintiff's account at 1:32 am on October 2, 2023, granting access to the hacker. (Complaint ¶¶ 43-49.)  In conferences with DraftKings' counsel, they have claimed that DraftKings had no involvement in this hack, but rather that the email address was changed through an online portal on

July 8, 2024

Letter to
Hon. Natasha C. Merle

DraftKings' website—supposedly accessible to the public—that automatically changes a customer's registered email address upon entry of that customer's social security number and zip code. Putting aside that permitting access to accounts in such a way would be extraordinarily insecure, DraftKings stubbornly refuses to substantiate its claim. If DraftKings' claims in this regard were true, they could be easily proven by *a single document* showing how the email address was changed on October 2, 2023, and *a single URL* to access a portal that is *allegedly available to the general public*. DraftKings' refusal to provide even this basic information highlights its extreme efforts to obstruct discovery in this matter and puts a lie to DraftKings' baseless assertions that the (accurate) allegations in the complaint are somehow "implausible."

Instead of providing any facts or documents whatsoever, DraftKings' Letter relies entirely on an unsworn, extraordinarily self-serving "tweet" by "Spanky" Kyrollos (the person DraftKings aided and abetted), in which he unsurprisingly claims that he did not conspire with anyone at DraftKings to commit crimes against Plaintiff. DraftKings' outlandish reliance on Spanky's self-serving denials, which DraftKings incorrectly refers to as "admissions" (Letter at 2), demonstrates that DraftKings' defense rests on the thinnest of reeds. If anything, Spanky's tweet highlights the need for discovery in this matter, as he admits he previously stated that he had the ability to get private information from DraftKings.

<u>Applicable Legal Standard</u>

"A motion to dismiss does not automatically stay discovery, except in cases covered by the [PSLRA]." *Bennett v. Cuomo*, 2023 WL 2021560, at *1 (S.D.N.Y. Feb. 15, 2023). "Accordingly, discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* As set forth below, all of the factors weigh in favor of denying DraftKings' request for a stay here.

<u>Breadth of Discovery Sought</u>

As stated above, Plaintiff seeks an extremely limited set of documents, nearly all of which relate to Plaintiff and his DraftKings account, for a limited time period of just over one year. Courts routinely deny stays where defendants "do not explain why discovery will be burdensome or wide-reaching", or why it "will impose substantial burdens." *Id.* at *4; *see also EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012) ("[S]imply stating that the discovery would be burdensome and expensive without greater detail" was "fatal" to stay request). DraftKings' Letter provides no explanation regarding burden and Plaintiff's requests for documents regarding *his own account*, for a period of just over a year, plainly impose minimal burden. Indeed, courts have held that even requests for relevant documents "over a five-year time span" do not warrant a discovery stay. *See Kirschner v. JP Morgan Chase Bank*, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020). Moreover, to the extent DraftKings does have any particular objection (which cannot be found it its Letter), "[t]here is no reason that [it] cannot be dealt with through the meet-and-confer process, and, if necessary, a conference with the Court." *Id.* (finding that breadth of discovery weighs against a stay). In sum, in a case "involv[ing] just two parties and a straight forward set of facts," DraftKings has failed to show that the breadth of discovery sought favors a stay. *See Thomas v. Law Offices of Steven Cohen LLC*, 2024 WL 21547, at *5 (W.D.N.Y. Jan. 2, 2024).

The cases DraftKings' cites in its Letter have no resemblance to this matter, and confirm that discovery should not be stayed. For example, in *Johnson v. NYU School of Educ.*, 205 F.R.D. 433, (S.D.N.Y.

July 8, 2024

Letter to
Hon. Natasha C. Merle

Jan. 30, 2002) (cited by DraftKings), plaintiff sought answers to an "extensive set of interrogatories" seeking "information covering a span of more than five years."; *see also HP Enterprise Co. v. Aqua Systems*, 2024 WL 1159000 (E.D.N.Y. Mar. 18, 2024) (cited by DraftKings) (alleged scheme dates back nearly a decade with witnesses that "span various states and countries."). Here, by contrast, the discovery sought in this two-party dispute dates back just over a year, is quite narrow, and presents minimal burden.

<u>Plaintiff Will Be Prejudiced by Staying Discovery</u>

DraftKings proclaims without any explanation that "Plaintiff will suffer no prejudice from a short stay." (Letter at 2.) That is false. Plaintiff has been publicly accused by DraftKings (and Spanky, who tweeted to his ~45,000 followers) of manufacturing the allegations in the complaint. Plaintiff's reputation has been extraordinarily damaged by DraftKings' false claims, which have now been broadcast to the public. Discovery in this matter will prove Plaintiff's complaint to be accurate, thereby restoring his reputation. Each passing day without discovery further prejudices Plaintiff.

<u>DraftKings' Motion to Dismiss Is Unlikely to Succeed</u>

Contrary to DraftKings' contentions, it has not made any "strong arguments supporting dismissal of Plaintiff's complaint." (Letter at 3.) Indeed, as set forth in Plaintiff's previous letter regarding DraftKings' motion (ECF No. 8), DraftKings' primary argument for dismissal (that any employees were acting outside the scope of their employment in betraying Plaintiff) is meritless. First, the argument is inappropriate for a motion to dismiss. *See 106 N. Broadway LLC v. Lawrence*, 189 A.D.3d 733, 739 (2d Dep't 2020) ("Whether an act of an employee is within the scope of employment is generally a jury question . . . ."). *Second*, in any event, New York law is clear that although allegations that defendant employees were "acting within the scope of [their] employment and other allegations of vicarious liability are incompatible with . . . negligent hiring, supervision and training claim[s], dismissal is not required because a plaintiff may plead alternative, inconsistent theories." *Kerzhner v. G4S Govt. Sol's*, 138 A.D.3d 564, 565 (1st Dep't 2016). DraftKings' remaining arguments appear to concern purported pleading defects (i.e., claiming that Plaintiff failed to plead that DraftKings provided substantial assistance, committed extreme and outrageous conduct, or was aware of its employee's propensity to leak information to bad actors). Even if DraftKings is correct that the complaint has such defects, which it does not (*see* ECF No. 8 at 2-3), such defects could be easily remedied through amendment. Thus, DraftKings cannot show it is likely to succeed on its motion to dismiss.

In light of the foregoing, DraftKings' request to stay discovery should be denied, and it should be ordered to comply with its discovery obligations and produce the documents and communications requested by Plaintiff forthwith.

Respectfully Submitted,

*/s/ Steven B. Jacobs*

Steven B. Jacobs

cc:     Counsel for Draftkings, by Email and E-Filing