IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN JACOBS,<br><br>               Plaintiff,<br><br>     v.<br><br>DRAFTKINGS, INC.,<br><br>               Defendant. | Civil Action No. 1:24-cv-03077-NCM-VMS |

The Court enters the following Protective Order governing the disclosure of Protected Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions**. As used in this Order:

    a. "Action" refers to the above-captioned litigation.

    b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    c. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2. **Protected Discovery Material**. This Protective Order applies to all Protected Discovery Material produced or obtained in this case.

    a. For the purposes of this Protective Order, "CONFIDENTIAL" Discovery Material shall include: any information that the Designating Party believes in good faith: (i) contains or comprises proprietary business, personal, private, or confidential information of any party; (ii) contains or comprises commercially

1

        sensitive information that could cause a Party or any Non-Party[1] competitive harm or otherwise be commercially injurious; (iii) should be protected from disclosure to protect the privacy rights of a Party or any third party; (iv) is covered by any nondisclosure agreement; or (v) any other information or compilation of information that is not generally known to competitors or the public, which any party considers to be confidential and/or proprietary

    b.    For the purposes of this Protective Order, "ATTORNEYS' EYES ONLY" Discovery Material shall include: any information that the Producing Party believes in good faith is or could be of value to an actual or potential competitor of the Producing Party or another third party and that the Producing Party believes in good faith should be protected from disclosure to prevent competitive harm to the Producing Party.

    c.    The Parties may redact discovery material on the basis of attorney-client privilege and/or attorney work-product privilege, or other applicable privilege or immunity from disclosure. The Producing Party may also redact social security numbers, financial/bank account numbers, names of minors/spouses, dates of birth, and other categories that the Producing Party identifies in the course of discovery as requiring redaction. DraftKings' customer names, DraftKings account numbers, and contact information such as email, phone numbers, and addresses will not be redacted in productions but may be redacted from court filings. Upon the production of discovery material redacted under any of these conditions, the Receiving Party may request a meet and confer to discuss any redactions.

3.    **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation to any Protected Discovery Material produced in this Action.

    a.    For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material.

    b.    If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

    c.    If it is not feasible to label Protected Discovery Material as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

    d.    The Receiving Party shall have the right to designate Protected Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying

---

[1] "Non-Party" or "Non-Parties" means a person or entity that is not a party to this Action.

       the Producing Party within 30 days of receipt of the material.  If the Receiving Party makes such designation, the Producing Party will re-produce such material with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", as appropriate, to each page that contains protected material.  The undesignated version of such material will be returned or destroyed.

    e.    At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 30-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  by the reporter.

    f.    The Designating Party shall have the right to exclude from a deposition, before the taking of testimony which the Designating Party anticipates designating as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all persons other than those permitted to receive such Designated Material under the terms of this Protective Order.

4.    **Timing of Confidential Designation**.

    a.    Designations may be made at any time.  To avoid potential waiver of protection hereunder, the Producing Party should designate information at the time of production or disclosure. Failure of the Producing Party to designate information at the time of production or disclosure does not waive protection hereunder and, pursuant to Section 14, if, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).

    b.    If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential.  After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  as required under this order.

5. **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive CONFIDENTIAL and ATTORNEY'S EYES ONLY Discovery Material (hereinafter "Qualified Recipient") are:

   a. For CONFIDENTIAL Discovery Material:

      i. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

      ii. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

      iii. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

      iv. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, provided, however, that any such witness (or his or her counsel) shall not be permitted to keep or retain copies of any Confidential Discovery Material;

      v. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts;

      vi. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

      vii. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

      viii. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

      ix. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

      x. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or

4

        state laws, or court orders, but solely for such contractual or legal purposes.

    b.    For ATTORNEYS' EYES ONLY Discovery Material:

        i.    Plaintiff Steven Jacobs, to the extent he is exclusively proceeding *pro se*;

        ii.    The Court and its staff, and any court reporter or typist recording or transcribing hearings and testimony;

        iii.    Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

        iv.    Any mediator appointed by the Court or jointly selected by the Parties; and

        v.    Other witnesses or persons to whom the Producing Party agrees in advance of disclosure or by court order.

6. **Dissemination by the Receiving Party**.

    a.    Before receiving Protected Discovery Material, each Qualified Recipient who is not included in Sections 5(a)(i) and (ii) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

    b.    The prohibition on disclosing information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7. **Limitations on Use**. Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

8. **Docket Filings**. A party seeking to file documents containing Protected Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

9. **Challenges to Confidentiality Designations**. A Party that questions the other Party's confidentiality designation will, as an initial step, contact the other Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without

court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The party that designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

10. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

11. **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

12. **Modification**. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

13. **Additional Parties to Litigation**. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

14. **Inadvertent Disclosure of Protected Discovery Material**. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by apprising all parties in writing (the claw-back notification), and such portion(s) shall thereafter be treated as confidential under this Order. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Producing Party it has appropriately marked or, if substitute production

has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Producing Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

15. **Inadvertent Production of Privileged Information**. If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection

16. **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

/s/ Steven B. Jacobs
*Plaintiff Pro Se*
Name:      Steven B. Jacobs
Address:   28-30 Jackson Ave.
           Long Island City, NY 11101
Telephone: (610) 608-3304
Email:     stevenjacobs@gmail.com
Dated:     September 26, 2024

/s/ Rees F. Morgan
*Attorney for Defendant*
Name:      Rees F. Morgan *(Admitted Pro Hac Vice)*
Address:   Coblentz Patch Duffy & Bass LLP
           One Montgomery Street, Suite 3000
           San Francisco, CA, 94104
Telephone: (415) 391-4800
Email:     ef-rfm@cpdb.com
Dated:     September 26, 2024

Dated: _____, 2024

Brooklyn, NY

**SO ORDERED:**

_____
NATASHA C. MERLE
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN JACOBS,<br><br>             Plaintiff,<br><br>    v.<br><br>DRAFTKINGS, INC.,<br><br>             Defendant. | Civil Action No. 1:24-cv-03077-NCM-VMS<br><br>**EXHIBIT A** |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.


_____      _____

Printed Name                                                      Signature