RECEIVED IN THE PRO SE OFFICE
OCT 14, 2024, 1:22 PM
VIA BOX.COM

Hon. Natasha C. Merle, USDJ
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Steven B. Jacobs
2840 Jackson Ave.
Apt. 26E
Long Island City, NY 11101
T  +1 610 608 3304
E  stevenbjacobs@gmail.com

LETTER MOTION FOR PRE-MOTION CONFERENCE

By NYED Website, *Pro Se* Portal

October 14, 2024

*Re:  Jacobs v. Draftkings, Inc. No. 1:24-cv-03077-NCM-VMS*

Dear Judge Merle:

I am the Plaintiff in this action and write (effectively) *pro se*[1] pursuant to Local Rule 37.2 to request an informal conference with the Court to (i) compel defendant DraftKings, Inc. ("DraftKings") to comply with this Court's order dated August 12, 2024 (the "Order") requiring DraftKings to produce documents responsive to Plaintiff's requests for production regarding his own DraftKings account; and (ii) discuss the most efficient course for amending Plaintiff's complaint in light of the significant revelations contained in DraftKings' documents (including in the very small number that DraftKings has produced to date).

DraftKings is severely delinquent in its discovery obligations and, since the commencement of this action, has fundamentally refused to follow applicable rules, laws, and even this Court's Order.  This action has been pending for over half a year, and the Court's Order compelling DraftKings to produce documents was entered more than two months ago.  Notwithstanding having many months to get its documents collected and reviewed (all of which are part of a limited set related to Plaintiff, and can be located with an extremely simple search), to date, DraftKings has only produced just over 100 documents, more than half of which are Plaintiff's own texts and emails which Plaintiff already had in his possession.  The correspondence between the parties on this subject is attached hereto as **Exhibits A, B, and C**.[2]  A brief chronology:

- DraftKings improperly refused to produce *anything* for months, purportedly due to the pendency of its motion to stay discovery.

- The Court's Order was entered August 12, 2024.  Given that this action had been pending for many months, Plaintiff made the reasonable request that DraftKings complete its production within approximately three weeks, by September 4, 2024.

---

[1]    My counsel (in name only) Bhavleen Sabharwal has not done any substantive work on this matter because, according to her motion to withdraw, she is unequipped to handle the publicity it has generated.  *See* ECF No. 32.  I respectfully request that the Court grant her motion to withdraw as soon as possible so that I may proceed *pro se*, which is effectively how I have litigated the matter to date in any event.

[2]    Exhibits A and B are a single email chain, but have been split into two exhibits due to length.

October 14, 2024

Letter to
Hon. Natasha C. Merle

- DraftKings responded and requested that it be permitted to provide responses by September 11, 2024.  Plaintiff promptly agreed.

- Despite Plaintiff agreeing to DraftKings' requested deadline, DraftKings quickly changed course and decided that it would refuse to complete production by that date*, or any date certain*.  (*See* Ex. A, August 21 email of Rees Morgan; *see also* Ex. B, Plaintiff's emails dated September 27; Ex. C, Plaintiff's emails dated October 3, 7, 9, 10).

- Since the Court's Order, DraftKings has made three nominal "productions," which in total amount to just over 100 documents, most of which are Plaintiff's own documents which he already had in his possession.

- Over the past 2+ months, DraftKings has provided nothing but empty and non-specific assurances that it will eventually comply with its obligations, while refusing to commit to any date whatsoever by which it will comply with the Court's order.  (*See e.g.* Exhibit B, Plaintiff's email dated September 27.)

- DraftKings' productions to date reveal glaring, massive gaps, which DraftKings knows it needs to fill through further production.  DraftKings' refusal to produce such documents is telling.

- Plaintiff has requested a date certain by which DraftKings will complete its production on September 27, October 3, 7, 9 and 10.  (*See* Ex. B, Plaintiff's emails dated September 27; Ex. C, Plaintiff's emails dated October 3, 7, 9, 10.)  DraftKings has not even provided the courtesy of a response.

- As the Court can see in Exhibits A-C, DraftKings has made no effort to make timely production, and instead has engaged in dilatory tactics (as it has since the commencement of this action seven months ago), in direct defiance of the Order.

DraftKings' complete production is not only required by the Court's Order, it is necessary for the efficient resolution of this matter.  DraftKings has no excuse or justification for its dilatory discovery tactics which include refusing to provide a date certain by which its production will be complete.  Indeed, DraftKings initially stated that it would be able and willing to complete production by September 11, over a month ago, before promptly changing course.  In light of the foregoing, the Court should order DraftKings to complete its production forthwith, such as within fourteen days of any Court order related to this motion.  In addition, DraftKings should be admonished for necessitating motion practice to compel its compliance with a Court Order that was issued months ago.

Relatedly, DraftKings' (meager) productions to date have revealed an astonishing lack of truthfulness on DraftKings' part.  For example, Plaintiff's VIP hosts apparently lied to Plaintiff in essentially every conversation (about all subjects big and small) for a period of nearly a year.  These hosts were Plaintiff's sole points of contact with DraftKings, and their dishonesty was apparently at the explicit direction of their employer, DraftKings.  The few documents DraftKings has produced to date, even without more, dictate amending Plaintiff's complaint to, *inter alia*, add a claim for fraud.

However, given that DraftKings is deficient in complying with its discovery obligations (and is likely concealing even more incriminating documents), it is extremely likely that the completion of DraftKings' document production will warrant significant further amendment.  For that reason, Plaintiff respectfully

October 14, 2024

Letter to
Hon. Natasha C. Merle

submits that the most efficient course would be to order DraftKings to complete production by a date certain, and then Plaintiff could submit one comprehensive amended complaint afterwards, taking into account the completed production.  This would avoid piecemeal amendment and conserve the resources of all parties (as well as the Court) by requiring the parties to re-brief DraftKings' motion to dismiss only once (to the extent it is not mooted entirely), rather than potentially multiple times.  Although plaintiff has a proposed amended complaint drafted and ready to be filed, Plaintiff respectfully submits that a pre-motion conference would likely provide for the most efficient resolution of all open matters.[3]

DraftKings has declined to consent to any amendment, claiming, *inter alia*, that it believes the Court should rule on the motion to dismiss prior to any amendments (*see* Ex. C, email of October 3, 2024).  But this position is meritless.  In *Pitman v. Immunovant, Inc.*, 2023 U.S. Dist. LEXIS 24909, at *21 (E.D.N.Y. Feb. 14, 2023) (Scanlon, J.), this Court explained that when a motion to dismiss is pending, the best course is to permit amendment to address any issues "as Plaintiff sees fit."  Plaintiff respectfully submits that the parties and the Court could best address the necessity of any amendment and a briefing schedule related to any amendment at a conference in which DraftKings' deficient discovery is also addressed and remedied.

In light of the foregoing, Plaintiff respectfully requests a pre-motion conference, or, alternatively, for DraftKings to be ordered to complete its production by a date certain, such as no later than October 31, 2024.

Respectfully submitted,

*/s/ Steven B. Jacobs*

Steven B. Jacobs

cc:        Counsel for all parties, via NYED Website

---

[3]        To the extent the Court disagrees, Plaintiff is prepared to file a motion to amend immediately.

# EXHIBIT A

| | |
|---|---|
| **From:** | Morgan, Rees |
| **To:** | Steven Jacobs |
| **Cc:** | Bonnevie, Cristina; James Sandnes - Skarzynski Marick & Black LLP; EfilingRRP; EfilingRFM; EfilingERM; EfilingFSK |
| **Subject:** | Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS) |
| **Date:** | Thursday, August 29, 2024 11:05:13 AM |

I probably won't be available today until after 3pm PT today, which I know is late your time. I could talk early tomorrow morning.

Sent from my iPhone

> On Aug 28, 2024, at 6:42 PM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:
>
> Rees, following up on this, let me know when is good.
>
> Relatedly, I trust you are in reciept of my opposition papers to your MTD, but let me know if they got caught in a filter due to their size.
>
> Best,
> Steve
>
>> On Aug 27, 2024, at 6:40 PM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:
>>
>> Tomorrow after 2p pacific would be good, or Thursday after noon pacific.
>>
>> Sent from my iPhone
>>
>>> On Aug 27, 2024, at 6:31 PM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:
>>>
>>> Hi Steve:
>>>
>>> Would you be available to meet and confer about these issues in the next day or two? Please let us know when you are available. Thanks,
>>>
>>> Rees
>>>
>>> **Rees Morgan**
>>> **Coblentz Patch Duffy & Bass LLP**

415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Sunday, August 25, 2024 9:07 AM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>;
James Sandnes - Skarzynski Marick & Black LLP
<jsandnes@skarzynski.com>; EfilingRRP
<EfilingRRP@coblentzlaw.com>; EfilingRFM
<efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>;
EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No.
1:24-cv-03077-NCM-VMS)

Rees,

Having not heard back regarding what supposedly improper
"conditions" I am demanding with respect to your Court-
ordered document production, I write to follow up regarding
your email below.

First, the Court order required you to produce documents
related to my DraftKings account.  the notion that you "can't
agree, and are not required to agree" to any
particular deadline is unreasonable.  I offered to agree to
September 11, which was (i) a date you requested; (ii) nearly
a full month after the Court order, and (iii) most importantly,
nearly *eight* months after the commencement of this action.
The notion that DraftKings cannot provide me with all
documents and communications related to *my* account (over
a relatively short time span) eight months after the start of
the action and nearly a year after I emailed Stanton Dodge
regarding these issues (at which time DraftKings should have
provided me such documents without litigation) is risible.

Second, again, you refer repeatedly to "conditions" I am
demanding and imply they are unreasonable, without
providing a single specific "condition" that you are referring
to.  I can't imagine what you are referring to, as all I have
asked is that you comply with the Court's order, and
applicable rules and laws.  I am happy to meet and confer

regarding any "conditions" that you believe are unreasonable.

Third, you state you are "gathering potentially responsive documents" but "do not necessarily agree with the list of RFPs that [I] believe are captured by the Court's order."  But, again, you do not state *any* particular RFP that I listed, which you disagree is included in the order.  I think it is abundantly clear that DraftKings is required to produce documents responsive to each of the RFPs I listed.  Again, if you would like to meet and confer and walk through each one, I am happy to hear your basis.  However, your current blanket statement that you disagree with me and will not provide *any* specifics whatsoever as to what you intend to produce (if anything) is not acceptable, and will needlessly delay and hinder the discovery process .

Fourth, you claim to be conducting a reasonable search, but you totally ignored my queries regarding custodians and search terms.  To the extent you are narrowing your search universe by custodians and search terms, I have a right to know what they are so, at minimum, I have an idea of what is included (and more importantly, not included) in your search universe.

Please bear in mind, I know the allegations in my complaint are true.  I know that upper-echelon officer(s) or employee(s) intentionally divulged dangerous information regarding my account to Spanky at the Sloan Conference in 2023.  It is likely that DraftKings knows this as well (or if not, then they never even tried to investigate my grave concerns, despite representing to me that they would and they did).  Thus, it will likely be clear to me if your document production is deficient.  I think it is in both parties' interests to get this right, so we can avoid a motion to compel.  Litigating against DraftKings' army of lawyers *pro se* is not easy, and if I am forced to move to compel I will seek reimbursement of my time and costs.

In light of the foregoing, I suggest we meet and confer early this week to walk through the issues set forth above.  It is in neither party's interest to get to mid-September and be forced to litigate a motion to compel because DraftKings decided to stonewall me in August.  I am mostly available this week, please let me know when you are so that we can

hopefully have a productive call.

Best,
Steve

PS I think you know what I am referring to regarding my declaration in opposition, but there is no reason to belabor the point here, you will see it when I serve my opposition papers.

On Wed, Aug 21, 2024 at 9:42 PM Steven Jacobs <stevenbjacobs@gmail.com> wrote:

> I do not understand what you mean by this email at all.  I have not raised any conditions outside of what I believe would be the bare minimum for you to comply with the Courts order.   What "conditions" are you referring to that are problematic for you?
>
>> On Aug 21, 2024, at 9:32 PM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:
>>
>> Hi Steve:
>>
>> We have been trying to work with you on a reasonable deadline for production, but we are hitting a wall.  We can't agree, and are not required to agree, to all the conditions you are putting on a particular deadline.  There is no set deadline for our production of documents responsive to your RFPs and pursuant to the Court's Order on the motion to stay.  We already timely responded to your RFPs, the parties agreed to hold off on discovery when you brought in counsel to represent you (we also provided you with an extension on your deadline to respond to our MTD on the basis that you had just retained counsel), and we will comply with the Order on the motion to stay and with the relevant RFPs that you propounded.  But we can't agree on a particular deadline when you insist on coupling it with all of the

conditions that you have raised.

We are currently gathering potentially responsive documents to your RFPs. We do not necessarily agree with the list of RFPs you believe are captured by the Court's order, but we are still working to gather responsive materials and performing a reasonable search for such materials at DraftKings. This is taking some time, as will our review for responsiveness and privilege. We will produce responsive, non-privileged documents on a rolling basis as soon as we can. We hope to begin our production at least by the dates discussed below.

With respect to the declaration in your opposition, I am not sure I understand. I don't know what you mean by "on my own authority." And you know, based on our many conversations, the basis for our position (which again isn't relevant to our arguments in the motion to dismiss) — we have uncovered nothing to support your allegations regarding DraftKings's involvement in the actions described in your Complaint. Thanks,

Rees

**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

**From:** Steven Jacobs
<stevenbjacobs@gmail.com>
**Sent:** Tuesday, August 20, 2024 11:06 AM
**To:** Morgan, Rees
<rmorgan@coblentzlaw.com>
**Cc:** Bonnevie, Cristina

<cbonnevie@coblentzlaw.com>; James
Sandnes - Skarzynski Marick & Black LLP
<jsandnes@skarzynski.com>; EfilingRRP
<EfilingRRP@coblentzlaw.com>; EfilingRFM
<efilingrfm@cpdb.com>; EfilingERM <ef-
erm@cpdb.com>; EfilingFSK <ef-
FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v.
DraftKings Inc. (Case No. 1:24-cv-03077-
NCM-VMS)

Hi Rees,

Thank you for your response.

With respect to your request for an
additional week, I am willing to agree to
extend your time to respond through
September 11, provided, of course, that we
are on the same page about what you are
producing.  In my email I laid out the
requests I bel;ieve are encapsulated by the
Court's order.  I take your lack of response in
that regard as an agreement, but please let
me know if I am misunderstanding.  In
addition, to the extent that you are
narrowing the document universe by search
terms and/or custodian, I ask that you
provide me with such search terms and
custodians so that I can review.  As
previously mentioned, there are some folks
that absolutely must be included in your
searches.

As for your position with respect to the
statement at the very top of the first page of
your brief that my Complaint is "utterly
false," I understand your position.  Be
advised that in my opposition I intend to
submit a declaration informing the Court
that your assertion was made on your own
authority and without any basis.

Best,
Steve

On Tue, Aug 20, 2024 at 1:57 PM Morgan, Rees <[rmorgan@coblentzlaw.com](mailto:rmorgan@coblentzlaw.com)> wrote:

> Hi Steve:
>
> First, we will respond to your RFPs pursuant to the Order.  Thank you for offering a due date of September 4, 2024.  Would you provide us the courtesy of an additional week, given the Labor Day weekend, which would make the due date for our responses Wednesday, September 11, 2024?
>
> Second, on the motion to dismiss, the phrases you cite are not the thrust of our motion.  In our argument, we accept the allegations in the Complaint as true for purposes of the motion, as we must at this stage.  We then argue that, even if true, the allegations do not support the causes of action in the Complaint for the reasons discussed in the motion.  Thanks,
>
> Rees
>
> **Rees Morgan**
> **Coblentz Patch Duffy & Bass LLP**
> 415-772-5754 | Office 415-391-4800
>
> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.
>
> ---
>
> **From:** stevenbjacobs@gmail.com <[stevenbjacobs@gmail.com](mailto:stevenbjacobs@gmail.com)>
> **Sent:** Sunday, August 18, 2024 5:25 PM
> **To:** Morgan, Rees <[rmorgan@coblentzlaw.com](mailto:rmorgan@coblentzlaw.com)>; Bonnevie, Cristina <[cbonnevie@coblentzlaw.com](mailto:cbonnevie@coblentzlaw.com)>
> **Cc:** 'James Sandnes - Skarzynski Marick & Black LLP' <[jsandnes@skarzynski.com](mailto:jsandnes@skarzynski.com)>; EfilingRRP <[EfilingRRP@coblentzlaw.com](mailto:EfilingRRP@coblentzlaw.com)>;

EfilingRFM <efilingrfm@cpdb.com>;
EfilingERM <ef-erm@cpdb.com>;
EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** RE: [EXTERNAL] Re: Doe v.
DraftKings Inc. (Case No. 1:24-cv-03077-
NCM-VMS)

Dear Rees,

I am following up on the below, as
tomorrow it will be a week since the
Court's order. I can't imagine there is
anything controversial in my email in light
of the Court's order, but if there is we
should confer in that regard ASAP.
Relatedly, given the narrow scope of
discovery, I suspect that you can run
searches and review documents across all
of DraftKings' documents and
communications, without needing to
narrow by custodians. However, to the
extent that is incorrect, and you need to
choose custodians, be advised that I
expect Jason Robins, Johnny Avello, and
any member of Avello's team that
attended Spanky's conference "BetBash"
along with Avello, will be included as a
custodian (in addition to all of the obvious
folks). My investigation has revealed that
Spanky has close personal relationships
with Robins and Avello (and likely others)
at DraftKings, and that they all attended
the Sloan Conference in 2023 around
which the tortious conduct took place.
Again, if there is anything in this email or
my email below that you expect will be a
problem, I ask that you let me know asap
so that we can either work it out, or so I
can prepare the papers to compel
discovery (as I believe the Court order is
perfectly clear). I am available to review
such search terms and custodians (to the
extent custodians are needed).

Relatedly, as you can imagine, I am hard at

work opposing your motion to dismiss.  In that regard, I am disturbed that the primary thrust of your motion appears to be that I "fabricated" the allegations in the complaint.  (*See e.g.* DraftKings MOL at 1 (the Complaint "tells a nonsensical fabricated story . . . This story is utterly false"); 18 ("baseless attempt to draft DraftKings into his purported personal troubles").)  Given your serious charge that my Complaint is "utterly false," I would like to know what basis you have for this statement.  The brief is dated June 28, 2024.  We conferred about discovery around that time, at which time you told me that you had not collected and reviewed documents yet.  Your exact words were that your client has represented to you what the documents say, and you "believe them."  Even these client representations solely related to the hack into my account, and not DraftKings' conduct surrounding the conference (which you never told me was the Sloan Conference).  I believe your position with respect to the conference was that it would be impossible for you to determine through the documents whether those allegations were accurate.

Given that I must oppose your motion in ten days, I have a right to know what basis you have to claim that my allegations are "utterly false."  Is it the same "tweet" that you submitted to the Court from Spanky Kyrollos (a convicted felon and DraftKings' alleged co-conspirator)?  Something else?  If, as I suspect, you have no basis for making this assertion, and it is simply bluster, I believe the Court has a right to know that your representations to the Court have no factual basis behind them, and I will inform the Court accordingly in my opposition.  It is extraordinarily puzzling that you can make

representations to the Court with such certitude regarding the supposed falsity of my allegations, but have refused to produce *a single document*, when such documents could easily substantiate your claims.

As stated above, I am available to confer on either or both of these items, but time is of the essence, particularly with respect to understanding what basis you might have to claim in your brief that my allegations are "utterly false."

Regards,
Steve Jacobs

---

**From:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Sent:** Thursday, August 15, 2024 1:48 PM
**To:** Steven Jacobs <stevenbjacobs@gmail.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>
**Cc:** James Sandnes - Skarzynski Marick & Black LLP (jsandnes@skarzynski.com) <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** RE: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Steve, apologies for the delay. I will discuss with the client today and get back to you regarding the below. Thanks.

**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and

any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Monday, August 12, 2024 4:56 PM
**To:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** James Sandnes - Skarzynski Marick & Black LLP (jsandnes@skarzynski.com) <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Dear Rees,

I have moved Bhavleen to BCC, as she will be subbing out as counsel.  For the time being, I will be handling the case *pro se*.

I trust you are in receipt of the Court's order this afternoon, in which it ordered that DraftKings produce documents related to my DraftKings account.  This captures the vast majority of my document requests.  Thus, I expect DraftKings will produce documents responsive to:

- Request 1 - All documents and communications between Plaintiff on the one hand, and any of Plaintiff's DraftKings' Hosts on the other hand.
- Request 2 - All documents and communications between any of Plaintiff's DraftKings Hosts on the one hand, and anyone else at DraftKings on the other hand, concerning Plaintiff's DraftKings

Account and/or concerning Plaintiff.

- Request 4 - All communications with Oscar Jones concerning Plaintiff's DraftKings' Account and/or concerning Plaintiff.  (I note that in your R&Os you state that you will not search for these documents, but as they concern me, I do not believe you have any basis to object in light of the order).

- Request 7 - All documents and communications concerning any security measures Di Chiaro implemented with respect to Plaintiff's DraftKings' Account in or around March or April 2023, including but not limited to those that Di Chiaro caused to be implemented in response to Plaintiff informing Di Chiaro of the information set out in Paragraph 26 of the Complaint. (See Complaint ¶¶ 26-29.)

- Request 8 - All documents and communications concerning the death threat that Plaintiff received on March 30, 2023, as set forth in Paragraphs 32-34 of the Complaint. (You object that "death threat" is undefined, but it is clearly defined in the Complaint.)

- Request 9 - All documents and communications concerning Plaintiff informing Di Chiaro of the death threat he received on March 30, 2023, as set forth in Paragraphs 34 and 35 of the Complaint.

- Request 10 - All documents and communications concerning any investigation DraftKings conducted concerning Plaintiff's DraftKings Account and/or Plaintiff, including but not limited to documents and communications concerning the investigation referred to by Di

Chiaro as set forth in Paragraph 36 of the Complaint.  (I do not believe you can continue to object in light of the order.)

- Request 11 - All documents and communications between Di Chiaro on the one hand, and anyone else at DraftKings on the other hand, concerning the extent of the information Di Chiaro was permitted to provide to Plaintiff.  (I do not believe you can continue to object in light of the order.)
- Request 12 - All documents and communications concerning Plaintiff's Registered Email Address being changed on October 2, 2023.
- Request 13 - Documents sufficient to show how Plaintiff's Registered Email Address was changed to "Jacobs2207@outlook.com".
- Request 14 - Documents sufficient to show how the request to change Plaintiff's Registered Email Address on October 2, 2023 was made, and how the same request was approved, including but not limited to:
  a. Who approved the request;
  b. When the request was approved;
  c. Whether such approval was consistent with DraftKings' policies.
- Request 16 - All documents and communications concerning the email address "Jacobs2207@outlook.com".
- Request 17 - All documents and communications concerning any investigation DraftKings conducted concerning the change of Plaintiff's Registered Email Address on October 2, 2023.
- Request 18 - All documents and communications concerning what information DraftKings was willing

(or unwilling) to provide to Plaintiff after the October 2, 2023 change of Plaintiff's Registered Email Address.

- Request 19 - All documents and communications between and among any of Plaintiff's DraftKings Hosts on the one hand, and any other of Plaintiff's DraftKings Hosts or anyone else at DraftKings, on the other hand, concerning Plaintiff's DraftKings Account, Plaintiff's Registered Email Address, and/or Plaintiff.
- Request 20 - All documents and communications concerning Plaintiff's October 9, 2023 email to Stanton Dodge, as set forth in Paragraph 56 of the Complaint.
- Request 21 - All documents and communications concerning DraftKings' decision to revoke Plaintiff's DraftKings VIP status, which was communicated by Di Chiaro to Plaintiff, as set forth in Paragraph 59 of the Complaint.
- Request 23 - To the extent not already included in a previous request, all documents and communications concerning Plaintiff and all documents and communications concerning Plaintiff's DraftKings Account.

I am available to meet and confer, but I do not see how DraftKings can conceivably argue in good faith that documents responsive to any of these Requests would not be implicated by the Court's order.

I understand that when Bhavleen was engaged we agreed not to push discovery during the thirty-day extension (ie until August 28). As a courtesy, I am willing to agree to give you an additional week, until September 4, 2024, to produce the documents responsive to the Requests

listed above.  However, in light of the Court's order, I expect there will be no further delays.  DraftKings has had many months now to review and produce documents.

Separately, since filing the complaint my investigation has revealed further information (which you likely already know).  First, the conference at which Spanky conspired with DraftKings was the 2023 MIT Sloan Sports Analytics Conference, which DraftKings sponsors, at which Jason Robins regularly speaks, and which Spanky attends every year.  Second, there are a number of other close personal connections between Spanky and Jason Robins, including that Jason Robins sent a senior DraftKings bookmaker and his staff to speak at BetBash, an annual conference founded and run by Spanky.  Once I prevail on the motion to dismiss, I expect to serve additional discovery requests related to this information.  I am giving you a heads up now so that DraftKings cannot later claim unfair surprise (as the Sloan Conference and Robins' connections with Spanky are not explicitly discussed in my complaint).

Best regards,
Steve Jacobs

On Mon, Jul 1, 2024 at 6:34 PM Bonnevie, Cristina <cbonnevie@coblentzlaw.com> wrote:

> Dear Mr. Jacobs:
>
> Please find attached DraftKings Inc.'s Response to Plaintiff's First Request for Production of Documents.
>
> Thank you.
>
> **Cristina Bonnevie** | Litigation Assistant

**Coblentz Patch Duffy & Bass LLP**

One Montgomery Street, Suite 3000

San Francisco, CA 94104

415-677-5297 | Office 415-391-4800

cbonnevie@coblentzlaw.com

www.coblentzlaw.com

This transmittal is intended solely for use by its
addressee, and may contain confidential or legally
privileged information. If you receive this transmittal in
error, please email a reply to the sender and delete
the transmittal and any attachments.

# EXHIBIT B

| | |
|---|---|
| **From:** | Steven Jacobs |
| **To:** | Yu, Victor H. |
| **Cc:** | Morgan, Rees; Bhavleen Sabharwal; Bonnevie, Cristina; James Sandnes - Skarzynski Marick & Black LLP; EfilingRRP; EfilingRFM; EfilingERM; EfilingFSK |
| **Subject:** | Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS) |
| **Date:** | Friday, September 27, 2024 8:17:32 PM |

Victor,

There are no misrepresentations in my email.  Your "two productions" consist of forty documents total which are just my own emails and texts (and not even all of my emails and texts).  That is not meaningful progress, those documents and more could have and should have been produced immediately in response to my requests in June.  You have given me practically nothing that I did not already have despite the passage of many months (and over a month since the court order requiring you to do so).  In light of your promise to provide an additional production early next week that includes DKs internal documents, I will hold off on the letter until Tuesday so that I can review your production and to give you an extra day to provide a date certain for the remainder of the documents.  At this stage a date certain is necessary.

Your demand that I provide even more of a basis for DK to conduct a good faith search of the documents of Avello and Robins is completely unreasonable, and contrary to the requirement that you provide reasonable cooperation in discovery.  I refer you to local rule 26.4(b) which shows that it is DKs responsibility—not mine—to conduct a good faith search, and I have advised you in these emails and in my brief regarding the very likely involvement of Robins and Avello with Spanky.  Their documents plainly need to be searched and reviewed.

Steve

> On Sep 27, 2024, at 7:56 PM, Yu, Victor H. <vyu@coblentzlaw.com> wrote:
>
> Steve,
>
> Your below email contains numerous misrepresentations. Among other things, your insinuation that DraftKings has made "no progress" is completely unfounded. You yourself have acknowledged that we have made several productions of responsive materials. And as stated in my September 26 email, we intend to produce an additional set of documents to you early next week. This production will include a set of internal, DraftKings communications. And we are continually meeting and conferring with you in good faith to address your requests. This is the case even when you refuse to discuss in detail the basis for including certain custodians. Notably, your below email refused to respond to my request for additional color regarding including Mr. Avello and Mr. Robins as custodians.
>
> As stated below, we will provide a substantive response in a timely manner. We will take under advisement your request for a date certain. I am also available to telephonically meet and confer if needed as well.
>
> Thanks,
> Victor
>
> **Victor H. Yu**
>
> **Coblentz Patch Duffy & Bass LLP**
> 415-268-0593 | Office 415-391-4800
>
> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.
>
> ---
>
> **From:** Steven Jacobs <stevenbjacobs@gmail.com>
> **Sent:** Friday, September 27, 2024 3:46 PM
> **To:** Yu, Victor H. <vyu@coblentzlaw.com>
> **Cc:** Morgan, Rees <rmorgan@coblentzlaw.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
> **Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)
>
> Counsel,
>
> It is disturbing that another full week has gone by and you seem to have made no further progress.  The stated basis is

sufficient to search the documents of the custodians below for the listed search terms.  If there are no hits on the search terms then the burden on DK in running the searches is close to zero.  If there are hits, then they plainly have responsive material.  It's outrageous that you have not already conducted these searches (if indeed you truly have not)

As for your statement that this is the first time I have proposed custodians, I recommend reviewing the email chain below.  That is completely false.  I have been pushing DK on this point for months.  As for whether an "expedited response" is needed, you have done next to nothing on discovery for many months and are therefore in defiance of a court order.

Either we are going to make progress or we aren't.  Please provide a date certain by which you intend to make production.  If you refuse to provide a date certain and continue to write obnoxious and false things in your email such as that I am inappropriately requiring an "expedited response", or that this is the first time I have mentioned custodians, we can take our arguments to the court and see where the court comes out.  I believe the record at this stage is not only sufficient to compel DKs response, but also to award me costs.  As stated in my previous email, I will be submitting a letter on this point on Monday if you continue down this path of simply trying to intimidate me while producing nothing, rather than complying with your obligations

Steve

On Sep 27, 2024, at 6:20 PM, Yu, Victor H. <vyu@coblentzlaw.com> wrote:

Steve,

Thank you for sending your below email. It is not reasonable to demand that DraftKings respond to your requests "as soon as possible" without explanation of why an expedited response is necessary. I have been committed to timely responding to your requests.

We are in the process of evaluating your proposed custodians and search terms. I understand that this is the first time you have memorialized your proposed custodians and search terms in writing. We will respond substantively in a timely manner.

In the interim, can you please provide any substantiation for your claims that Johnny Avello and "his team" were "close associates" of Mr. Kyrollos', other than your claim that Mr. Avello attended the BetBash conference? Can you please also provide any substantiation for your claim that Jason Robins and "his team" had a relationship with Mr. Kyrollos, other than your claim that Mr. Robins attended the MIT Sloan Conference? I understand the points that you have already made in your briefing. I am attempting to determine if you have an additional basis for including these individuals as custodians that has not yet been disclosed to DraftKings. If so, please disclose that basis.  Doing so would aid us in evaluating your request.

Thanks,
Victor

**Victor H. Yu**
**Coblentz Patch Duffy & Bass LLP**
415-268-0593 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, September 26, 2024 9:01 AM
**To:** Yu, Victor H. <vyu@coblentzlaw.com>
**Cc:** Morgan, Rees <rmorgan@coblentzlaw.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Victor,

I obviously strongly disagree with your characterization of the history here, but since you have finally engaged regarding producing documents I don't have already, lets try to make this constructive.  In response to your requests regarding custodians and search terms, here are my suggestions:

Custodians

-My hosts
-Anyone that left a private note on my account in those emails regarding the hack (*see eg* Doc 00181), including Casey Vitanza and his teams).  This is for obvious reasons, they dealt with my account during the hack.
-Johnny Avello and his team (they went to Spanky's betbash, and Avello is a close a associate of Spanky's)
-Jason Robins and his team members who attended the 2023 Sloan Conference (this is the conference that led to the Death Threat.  Spanky was there, so was Robins and his team.  Spanky thanked Robins publicly shortly thereafter)
-Stanton Dodge (I emailed him a full summary of what happened in Fall 2023.  I am entitled to see what he did in that regard)
-Anyone else that DK identifies as speaking with my hosts about my account

Search Terms (to be run across texts and other document categories in addition to emails)

-iceboxbatcave@gmail.com
-mayomi.o.sanchez@gmail.com
-stoufqua
-Steve! /s Jacobs
-To the extent DK has a practice of referring to customer names a certain ways, such permutations of my name should be included.

Protective Order

You may sign on my behalf and file.  I agree that I will abide by the protective order before it is formally entered by the Court, and I expect DK will as well.

Please let me know ASAP regarding the above.  I look forward to your forthcoming production.

Regards,
Steve

On Thu, Sep 26, 2024 at 1:27 AM Yu, Victor H. <vyu@coblentzlaw.com> wrote:

Steve,

We are disappointed in your response. As we've repeatedly told you, DraftKings is committed to complying with the Court's order, including by agreeing with you on which of your RFPs are covered by the order. Your suggestion that we have not made any "meaningful progress" on issues is unfounded. As your below email acknowledges, DraftKings has been making rolling productions of responsive materials to you, and we will continue to make such productions going forward. You have not identified any issue that is ripe for motion practice. To the extent that you insist on burdening the Court's time with unnecessary motions practice—and forcing us to correct the record—we reserve the right to seek all the fees and costs incurred in responding.

During our most recent call on September 20, 2024, you requested that DraftKings search across its entire electronic database for your name (including your account name, email, other aliases, etc.) and produce responsive materials. Alternatively, you stated that if the hit counts of that search were too burdensome, you may be amenable to exchanging search terms and custodians.

DraftKings is not obligated to search for your name across its entire electronic databases. Doing so would be grossly disproportionate to the needs of this case, and would not even be a productive starting point for meeting and conferring about ESI. Indeed, not only would it be burdensome to collect "all" of DraftKings' ESI in order to run search terms, such an approach would likely lead to numerous false positive hits and/or hits for cumulative information. Rather, having conferred with our client, we would like to seek agreement on a proposed set of custodians and search terms. To that end, it would be helpful if you would propose in one email (a) a proposed set of specific custodians beyond your four hosts and (b) a set of search terms for us to

review. For each custodian that you propose, please indicate the basis for why you believe they may contain unique, nonprivileged responsive communications.

Further, we are amenable to the edits that you made to the Protective Order, although we have made one minor edit to clarify that you may review AEO information only if you exclusively proceed pro se.  See the attached redline.  I am unaware of any AEO information that will need to be produced in DraftKings' anticipated upcoming production, although if such an issue arises, we can address how to handle AEO information while Ms. Sabharwal's withdrawal motion is pending.  As such, we will accept all redlines and file it this week, unless you have additional edits. Please confirm that we have your authority to sign on your behalf. In addition, during our September 20 meet and confer, you represented that you would abide by the terms of PO before it is formally entered by the Court. Based on your representation, we expect to make a further production of responsive communications to you by the end of this week or early next.

Thanks,
Victor

**Victor H. Yu**

**Coblentz Patch Duffy & Bass LLP**
415-268-0593 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Wednesday, September 25, 2024 9:32 AM
**To:** Yu, Victor H. <vyu@coblentzlaw.com>
**Cc:** Morgan, Rees <rmorgan@coblentzlaw.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Counsel,

To date DraftKings has produced essentially nothing (40 documents total, 39 of which were my own emails and the other of which was my texts with 1 of my 3 relevant hosts), in direct contravention of the Court's order.  It has been over a month since the Court ordered DraftKings to produce the documents, and over half a year since the action commenced.  At first you refused to produce *anything* without any legal basis whatsoever, and then, since the Court's order, you have requested and then proceeded to ignore multiple deadlines for production and/or substantive updates.  I will await the promised update on your status later this week, but absent *meaningful* progress here, I will take it up with the Court on Monday.  Absent such progress, I believe the record and timeline demonstrates that DraftKings' delays are impermissible and violative of the Court's order.  In light of the foregoing, if forced to seek relief from the Court I intend to request reimbursement for my time and expenses.

Regards,
Steve Jacobs

On Tue, Sep 24, 2024 at 10:41 PM Yu, Victor H. <vyu@coblentzlaw.com> wrote:

> Steve,
>
> Like I said, we are still evaluating your requests and need more time to confer with our client. We can give you a further update on our status this week.
>
> Having heard no objection to taking tomorrow's call off calendar, I'll cancel the invite now.
>
> Thanks,
> Victor
>
> **Victor H. Yu**

**Coblentz Patch Duffy & Bass LLP**
415-268-0593 | Office 415-391-4800

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Tuesday, September 24, 2024 5:38:28 PM
**To:** Yu, Victor H. <vyu@coblentzlaw.com>
**Cc:** Morgan, Rees <rmorgan@coblentzlaw.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>;
Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP
<jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM
<efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Can you give me an idea of when that will be? I don't think there's anything too controversial here.

Sent from my iPhone

> On Sep 24, 2024, at 8:34 PM, Yu, Victor H. <vyu@coblentzlaw.com> wrote:

> Steve,

> On last week's meet and confer, you raised a number of issues. We stated that we
> would need to confer with our client regarding your requests, and then we scheduled a
> follow-up meet and confer for tomorrow morning at 8:30am PST.

> We need additional time to confer with our client. As such, to make our next meeting
> as productive as possible, we think it's best to take tomorrow morning's call off
> calendar and reschedule when we have a substantive position to share with you. Unless
> you feel differently and wish to discuss other issues, I will take tomorrow's call off
> calendar.

> Thanks,

> Victor

> **Victor H. Yu**
> **Coblentz Patch Duffy & Bass LLP**
> 415-268-0593 | Office 415-391-4800

> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, September 19, 2024 1:32 PM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina
<cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP
<jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>;
EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK
<ef-FSK@coblentzlaw.com>; Yu, Victor H. <vyu@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-
NCM-VMS)

That time works.

I do not understand the need to avoid producing confidential documents, you already produced a number and I am happy to agree to treat all documents as confidential pending the entry of the protective order.

Steve

> On Sep 19, 2024, at 4:30 PM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:
>
> Steve:
>
> Apologies but my schedule this week has been very difficult.  We will be making a small production of documents this week, which do not need confidentiality designation.  As mentioned, I have sent the PO that you revised last night to our client for review, with the one change I noted.  I could meet and confer tomorrow at 1pm PT, if that would work for you. Unfortunately that is the only slot I have open today or tomorrow.  Thanks,
>
> Rees
>
> **Rees Morgan**
> **Coblentz Patch Duffy & Bass LLP**
> 415-772-5754 | Office 415-391-4800
>
> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete this transmittal and any attachments.
>
> ---
>
> **From:** Steven Jacobs <stevenbjacobs@gmail.com>
> **Sent:** Wednesday, September 18, 2024 1:38 PM
> **To:** Morgan, Rees <rmorgan@coblentzlaw.com>
> **Cc:** Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
> **Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)
>
> Rees,
>
> Reupping this email, as I see you were able to respond to a different thread.

Regards,

Steve


On Wed, Sep 18, 2024 at 12:42 PM <stevenbjacobs@gmail.com> wrote:

Dear Rees,


I am bending over backwards to avoid burdening the Court with a discovery dispute, but you are making it extremely difficult by refusing to provide the courtesy of a response.  Given that you promised a production and a meet and confer this week, I will wait to seek relief until after such production and conference.  Please advise ASAP re (i) when I can expect the production; and (ii) when you can confer.


Best,

Steve


**From:** stevenbjacobs@gmail.com <stevenbjacobs@gmail.com>
**Sent:** Saturday, September 14, 2024 12:35 PM
**To:** 'Morgan, Rees' <rmorgan@coblentzlaw.com>
**Cc:** 'Bhavleen Sabharwal' <Bsabharwal@bsablaw.com>; 'Bonnevie, Cristina' <cbonnevie@coblentzlaw.com>; 'James Sandnes - Skarzynski Marick & Black LLP' <jsandnes@skarzynski.com>; 'EfilingRRP' <EfilingRRP@coblentzlaw.com>; 'EfilingRFM' <efilingrfm@cpdb.com>; 'EfilingERM' <ef-erm@cpdb.com>; 'EfilingFSK' <ef-FSK@coblentzlaw.com>
**Subject:** RE: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)


Dear Rees,


I have reviewed your 39-document production, and I simply do not understand how it took you so long to produce such a meager number of documents (consisting almost entirely of my own emails, and just a few email threads in total).  It does not feel as though DraftKings is acting in good faith when it takes so many months to produce just a small handful of documents, all of which are simply my own emails.


Please respond to my queries from previous emails below (regarding custodians, search terms etc.), and also confirm that your production next week will be far greater in scope.  I note that the "private notes" on these emails provide some greater insight into additional custodians, which should include anyone that left a private note on the email chain (and in particular Casey Vitanza, who informed DraftKings—but not me—that my account was, in fact, compromised).  I cannot wait another full week only to then learn that you only intend to provide another few dozen documents that I already have.  Your next production must be more significant and complete.


If I don't hear from you and/or you continue to refuse to provide any response to my queries by Tuesday, I have no choice but to seek relief

(and costs) from the Court.


Best,

Steve

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Friday, September 13, 2024 10:57 AM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)


Dear Rees,


Thank you, I look forward to receiving productions today, as well as next week.  However, I also need to know *what* is in those productions. ie what you searched , who you searched etc.  I do not fully understand your seeming extraordinary resistance to providing this necessary information.  Can you please let me know when you send the production how it was put together?  If you cannot or will not provide custodians/search terms, please just let me know, as I will need to prepare motion papers in that regard.


I am always happy to meet and confer, and we can do so on a call next week or whenever you think it might be useful.  Please let me know when works.


I will respond re the Protective Order by separate cover over the weekend, but I do not anticipate we will have any issues on that front.


Best,

Steve


On Thu, Sep 12, 2024 at 7:31 PM Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

> Hi Steve:
>
>
> We plan to make an initial production tomorrow.  One issue that you raised a while ago is a protective order.  I am attaching a draft PO for your consideration.  While this is still subject to our client's approval, we wanted to provide it to you now so we can get your initial thoughts as we continue to discuss it with our client.  The production we will be making tomorrow will not be subject to any confidentiality designation, so having an approved PO by tomorrow is not necessary.

We anticipate that our next productions may require confidentiality designations.  Please let us know any comments on the PO.

I think it would make sense to set up a call next week to discuss the issues you've raised in the various emails below.  Are you available late next week?  I think it would be more productive to talk after we've made more progress on our review of documents and hopefully additional productions, if possible.  All the best,

Rees

**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, September 12, 2024 8:42 AM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>
**Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Adding Bhavleen back in the chain since she is still counsel of record.

Steve

On Thu, Sep 12, 2024 at 11:34 AM Steven Jacobs <stevenbjacobs@gmail.com> wrote:

Rees,

I am following up again, as it has now been nine days with no response from you despite multiple follow-ups.  Be advised that if I do not hear from you in short order and we have not made significant progress here, I am going to seek relief from the Court.  I do not think that it should be remotely necessary to do so given that there is *already* a court order requiring you to produce the documents I am seeking, so if you force me to seek such relief, I will also seek an award of costs.  In that regard I note, again, that this action has been pending for many months, I served document requests many months ago, discovery has *never* been stayed, and it is completely unreasonable that you still have not produced a single document to date.

Regards,

Steve Jacobs

On Wed, Sep 11, 2024 at 11:44 AM <stevenbjacobs@gmail.com>
wrote:

> Dear Rees,
>
> I'm following up again on the below. I note that today is the day
> you originally requested as a deadline to produce documents, but
> I still have not received anything at all.
>
> At minimum, I would appreciate the courtesy of a response to the
> below and, in particular, an update as to when I will receive
> DraftKings' documents (which should be this week). If I am
> going to need to take this up with the Court (which is looking
> more likely given the lack of communication), it will waste
> everyone's time if I am unable to nail down the particular issues
> on which the parties disagree due to a lack of communication
> from DraftKings.
>
> Best,
>
> Steve
>
> ---
>
> **From:** Steven Jacobs <stevenbjacobs@gmail.com>
> **Sent:** Saturday, September 7, 2024 10:15 AM
> **To:** Morgan, Rees <rmorgan@coblentzlaw.com>
> **Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James
> Sandnes - Skarzynski Marick & Black LLP
> <jsandnes@skarzynski.com>; EfilingRRP
> <EfilingRRP@coblentzlaw.com>; EfilingRFM
> <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>;
> EfilingFSK <ef-FSK@coblentzlaw.com>
> **Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case
> No. 1:24-cv-03077-NCM-VMS)
>
> Following up on the emails below. Given the lack of response
> since Tuesday, I assume we are on the same page regarding your
> forthcoming production? I ask again if you can provide me with
> the custodians searched and the search terms.
>
> On Tue, Sep 3, 2024 at 7:56 PM Steven Jacobs
> <stevenbjacobs@gmail.com> wrote:
>
>> Apologies for the double email, but one issue i forgot to raise is
>> a protective order. I assume DraftKings will want one before it
>> produces documents, and I want one as well, in particular so
>> documents containing my confidential personal information
>> can be marked as such. I am fine with using whatever model is
>> preferred by the EDNY and Judge Merle, but happy to
>> discuss further. I think we should get this in place asap so it

will not delay the production.

Best,

Steve

On Tue, Sep 3, 2024 at 7:54 PM Steven Jacobs
<stevenbjacobs@gmail.com> wrote:

> Rees,
>
> Unsurprisingly, I disagree that my characterization was
> inaccurate (and much of it was taken from verbatim notes).
> Regardless, I am fine with conferring only in writing going
> forward if that is your preference.
>
> Some comments and questions below, so that hopefully we
> can come to a resolution on any outstanding issues here.
>
> On (2) the statement that you are still "figuring out the plan"
> is a direct quote. Regardless, I take it you agree that you
> stated you will begin producing documents the week of Sep.
> 9?
>
> On (3) please confirm you will share what custodians are
> searched (as well as search terms) with me. If not, we will
> need to engage in needless motion practice. As previously
> stated, custodians should include, at absolute minimum,
> Robins and his staff, Avello and his staff, my hosts, and
> anyone else that dealt with my account.
>
> On (4) I don't know how you can disagree that my comment
> was greeted with silence. I agree we had a number of calls
> over the summer, but you were unwilling to provide a single
> document (and still have not to date), and stated several
> times including on this call that you have not yet completed
> the exercise of identifying custodians and searching for
> documents to review. Moreover, it is obviously different to
> say "DraftKings has not yet found anything to support the
> allegations in the Complaint" than the allegations in the
> Complaint are "utterly false." You have no idea if the
> allegations are "utterly false" (and I'm skeptical that even the
> former is true, but obviously don't know for sure since you
> have not yet made any production). Regardless, this is
> already in my opposition to your motion and, I assume, will
> be addressed in your reply, so there is no need to fight about
> it here.
>
> On (5) I am not surprised you disagree.
>
> On (6) there is no reason to argue about DraftKings' potential
> counterclaims until you make them. I will respond
> appropriately to any counterclaims DraftKings sees fit to

assert if/when DraftKings asserts them. I am extremely confident that I have acted properly at all times.

Best,

Steve

On Tue, Sep 3, 2024 at 5:01 PM Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

Steve:

You did not characterize our meet and confer correctly. We may need to meet and confer only in writing if you continue to do so.

As I said, we are working diligently with the client to comply with the Court's order on the motion to stay, and in doing so, we are performing a reasonable and good faith search for potentially responsive materials. I'll quickly respond to each of your points below.

1. Yes, we plan to search for and produce non-privileged documents responsive to the RFPs identified in your August 12 email.
2. We very much disagree with your suggestion that there have been any stall tactics on DraftKings' part. We also disagree that we had not already begun the work of identifying potentially relevant materials when the Court's order on the motion to stay issued. With respect to starting with your hosts, that's an obviously reasonable starting point since you communicated with them and your complaint focuses much of its attention on their alleged statements to you and supposed actions taken or not taken.
3. With respect to custodians, we continue to work to identify DraftKings employees who might have responsive materials and perform a reasonable search of files at DraftKings for potentially responsive material.
4. We disagree with everything you say on this issue. Since the date DraftKings received your complaint, we have been reviewing potentially relevant materials and discussing the issues with our client. We had many calls with you over the summer regarding the email change and what we were seeing at DraftKings related to that issue. We have found nothing to support your allegation that DraftKings had some involvement in the alleged assault or the email change.
5. We disagree that DraftKings can be held liable for any "impact on your career."
6. As I said on the call, DraftKings is exploring potential counterclaims it would need to file in this matter, including claims related to proxy betting. You said you did not proxy bet. When I said "OK," I meant that I understood that was your position. But as I mentioned on the call, there is evidence to the contrary, and you

have provided no evidence otherwise.

We are working to produce non-privileged materials responsive to your RFPs as soon as practicable.  Thanks,

Rees


**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Saturday, August 31, 2024 8:53 AM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)


Rees,

I write with a quick summary of yesterday's meet and confer regarding discovery.


First, you confirmed that you will be producing documents responsive to all of the RFPs listed in my email of August 12.


Second, you stated that you're "still figuring out the plan" to collect and review documents, but you are going to "start with my hosts [Joe, Max, Taylor]" and then move on from there.  I responded that it was surprising that DraftKings has made no progress in collecting and reviewing documents, and that it appeared to me to be a stall tactic to "run out the clock" in hopes your motion to dismiss will be successful, notwithstanding the Court's order to engage in discovery now.  You responded that you expect to start producing documents the week of September 9.


Third, you said you did not yet have any plan related to custodians and search terms.  Emmy suggested search terms for this round could be my name, my username, my

two registered email addresses, and the imposter email address, and I generally agree (provided you are certain you will get all permutations of my names/initials etc., in whatever way DK would have referenced me in emails and documents. As for custodians, I reiterated that Jason Robins and his staff, as well as Johnny Avello and his staff must be searched (along with any other folks you identify that had any connection with my account). You said you would keep me in the loop regarding custodians.

Fourth, I asked again how you possibly had any basis to represent to the Court that my complaint was "utterly false" when you *still* have not even formulated a plan to collect and review documents. This question was greeted with silence.

Fifth, I notified you that I intend to seek damages related to the impact DraftKings' improper conduct has had on my career.

Sixth, you notified me that DraftKings (supposedly) intends to bring counterclaims against me related to proxy betting. I responded that this did not happen, and you said "ok."

With regard to this last item, it is unclear what theoretical claim you may bring, and I expect we will confer more in this regard, but be advised that if you bring any such frivolous claims (which DK surely knows are frivolous, to the extent any cause of action even exists with respect to the conduct you spoke of), I reserve all rights.

Regards,

Steve

On Fri, Aug 30, 2024 at 10:40 AM Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

> @Bonnevie, Cristina, could you please send a calendar invite and dial in for 1pm PT today to Steve, Emmy and me? Thanks.
>
>
> **Rees Morgan**
> **Coblentz Patch Duffy & Bass LLP**
> 415-772-5754 | Office 415-391-4800
>
> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.
>
> ---
>
> **From:** Steven Jacobs <stevenbjacobs@gmail.com>
> **Sent:** Friday, August 30, 2024 7:28 AM

**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Sounds good

Sent from my iPhone

On Aug 30, 2024, at 10:24 AM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

Let's do 1pm PT today, if that still works. Once you confirm we can send a calendar invite and dial in.

**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, August 29, 2024 5:31 PM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** Bonnevie, Cristina <cbonnevie@coblentzlaw.com>; James Sandnes - Skarzynski Marick & Black LLP <jsandnes@skarzynski.com>; EfilingRRP <EfilingRRP@coblentzlaw.com>; EfilingRFM <efilingrfm@cpdb.com>; EfilingERM <ef-erm@cpdb.com>; EfilingFSK <ef-FSK@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: Doe v. DraftKings Inc. (Case No. 1:24-cv-03077-NCM-VMS)

Following up.  I am pretty busy tomorrow but could do 1 or 130 PT

Sent from my iPhone

On Aug 29, 2024, at 11:18 AM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:

I could do 7 or 8 ET tonight (4 or 5 PT)

Sent from my iPhone

> On Aug 29, 2024, at 11:05 AM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:
>
> I probably won't be available today until after 3pm PT today, which I know is late your time. I could talk early tomorrow morning.
>
> Sent from my iPhone
>
>> On Aug 28, 2024, at 6:42 PM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:
>>
>> Rees, following up on this, let me know when is good.
>>
>> Relatedly, I trust you are in reciept of my opposition papers to your MTD,

# EXHIBIT C

| | |
|---|---|
| **From:** | Steven Jacobs |
| **To:** | Morgan, Rees |
| **Cc:** | James T. Sandnes; Bhavleen Sabharwal; Yu, Victor H.; Mandel, Emlyn; Yin, Clifford; Patch, Richard |
| **Subject:** | Re: [EXTERNAL] Re: 017373.0018 Doe v. DraftKings Inc - Case No. 1:24-cv-03077-NCM-VMS | Production DRAFTKINGSDOE_PROD003 |
| **Date:** | Thursday, October 10, 2024 12:02:30 PM |

Thank you for responding.  Can you please respond on the discovery issues as well, as I intend to raise that with the Court in the same letter.

Regards,
Steve

On Thu, Oct 10, 2024 at 11:54 AM Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

> Steve:
>
>
> Thank you for sending the redline of your proposed amended complaint.  After reviewing your proposed amendments, DraftKings declines to agree to the amendment because we believe it would be futile.  Your proposed amendments do not cure the existing defects in your complaint (as fully briefed in the pending motion to dismiss). To the extent your amendments appear to address the issues raised in the motion to dismiss, they relate merely to the matters for which you requested judicial notice, rather than the underlying pleading defects in the causes of action.  Furthermore, there are no proper grounds for the new fraud claim.  If you opt to bring a motion for leave to amend the complaint, we intend to oppose it on, among other grounds, futility.  Best,
>
>
> Rees
>
>
>
> **Rees Morgan**
> **Coblentz Patch Duffy & Bass LLP**
> 415-772-5754 | Office 415-391-4800
>
> This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.
>
> ---
>
> **From:** Steven Jacobs <stevenbjacobs@gmail.com>
> **Sent:** Wednesday, October 9, 2024 5:14 PM
> **To:** Morgan, Rees <rmorgan@coblentzlaw.com>
> **Cc:** James T. Sandnes <jsandnes@skarzynski.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Yu, Victor H. <vyu@coblentzlaw.com>; Mandel, Emlyn <EMandel@coblentzlaw.com>; Yin, Clifford <cyin@coblentzlaw.com>; Patch, Richard

<rpatch@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: 017373.0018 Doe v. DraftKings Inc - Case No. 1:24-cv-03077-NCM-VMS | Production DRAFTKINGSDOE_PROD003

Following up.  If I don't hear back I will go ahead and file my motion tomorrow and note that DK has not responded at all, so presumably does not consent.

Sent from my iPhone

On Oct 7, 2024, at 5:47 PM, stevenbjacobs@gmail.com wrote:

Rees,

As you requested, please see attached my proposed amended complaint (the "SAC") in track so DraftKings can see the proposed changes.  As you will see, these changes both amend and supplement my complaint (ie relief that is generally granted freely at this stage).  All of the substantive changes essentially fall within two buckets:

1. Allegations added as a result of your discovery to date, including a cause of action for fraud; and
2. Allegations to address your MTD papers (including your inexplicable opposition to the Court taking judicial notice of plainly true facts).

As you know, these are both axiomatic reasons to amend/supplement a complaint.  Thus, I kindly suggest that DraftKings agree to the amendment which would permit me to file the SAC without leave of court.  If DraftKings does not agree, please let me know ASAP, and no later than midday on Wednesday.  I say that because I think this should be filed very soon to ensure that the Court does not waste it's time reviewing what will be a largely mooted motion to dismiss.  Thus, if you decline to agree to the amendment, or if I do not hear from you by midday Wednesday, I will go ahead with filing.  In addition, if you decline to agree, I would appreciate if you can let me know your reasoning so that I can fairly represent the issues to the Court in a forthcoming motion.

Finally, I note that this SAC includes reference to a number of documents that you have marked CONFIDENTIAL.  Although I have significant questions as to whether and how the information in these documents constitutes proprietary information of DK, I do not object to the designations at this time.  I will attempt in good faith to file the SAC under seal, but I do not know if it will be accepted by the Court.

Happy to meet and confer tomorrow if it would be helpful, and I still await your response regarding (i) pdfs of your recent production; (ii) a date certain regarding your remaining production.

Best regards,

Steve

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, October 3, 2024 8:18 PM
**To:** Morgan, Rees <rmorgan@coblentzlaw.com>
**Cc:** James T. Sandnes <jsandnes@skarzynski.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Yu, Victor H. <vyu@coblentzlaw.com>; Mandel, Emlyn <EMandel@coblentzlaw.com>; Yin, Clifford <cyin@coblentzlaw.com>; Patch, Richard <rpatch@coblentzlaw.com>
**Subject:** Re: [EXTERNAL] Re: 017373.0018 Doe v. DraftKings Inc - Case No. 1:24-cv-03077-NCM-VMS | Production DRAFTKINGSDOE_PROD003

Can you please provide PDFs of the recent production as I requested a few days ago?  Thanks.

I will send you a redline of the amended complaint.  Still waiting to hear from you regarding a date certain for production.

On Oct 3, 2024, at 4:06 PM, Morgan, Rees <rmorgan@coblentzlaw.com> wrote:

Steve:

We believe that the Court should rule on the motion to dismiss before any amendments to the complaint are made.

In any case, to meaningfully meet and confer, we need to see your proposed amended pleading (both a clean version and a redline showing the changes). Please provide it when you can. You would presumably need to attach it to any motion for leave to amend in any case.

Thanks,

Rees

**Rees Morgan**
**Coblentz Patch Duffy & Bass LLP**
415-772-5754 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

---

**From:** Steven Jacobs <stevenbjacobs@gmail.com>
**Sent:** Thursday, October 3, 2024 9:00 AM
**To:** Lipton, Jason <jlipton@coblentzlaw.com>
**Cc:** James T. Sandnes <jsandnes@skarzynski.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Yu, Victor H. <vyu@coblentzlaw.com>; Mandel, Emlyn <EMandel@coblentzlaw.com>; Yin, Clifford <cyin@coblentzlaw.com>; Morgan, Rees <rmorgan@coblentzlaw.com>
**Subject:** [EXTERNAL] Re: 017373.0018 Doe v. DraftKings Inc - Case No. 1:24-cv-03077-NCM-VMS | Production DRAFTKINGSDOE_PROD003

Rees,

Following up on my request to confer, I am going to file a motion to amend asap, likely early next week, and we are required to confer before I file (per the protective order and per the federal rules).  Please let me know when you can.

Best,

Steve

On Oct 2, 2024, at 9:02 AM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:

Dear Rees,

These documents raise a number of troubling issues (even putting aside that there are still many more to be produced).  There is a good bit of new information that dictates that I amend my complaint.  To that end, I suggest we meet and confer as soon as you are able regarding three related issues:

1) whether certain documents that I will need to use for the amendment warrant the "confidential" tag

2) whether DK consents to the amendment

3) the best way forward given that it is highly likely further productions will require additional amendment (which is one of many reasons I have asked you to provide a date certain for production.

Please let me know when you can talk, ideally today or tomorrow since if I am going to need to move the court regarding amendment (Ie if DK does not consent), then time is of the essence.  I'm actually on Pacific Time this week, so our schedules are likely more aligned than usual.

Regards,

Steve

> On Oct 1, 2024, at 8:07 PM, Steven Jacobs <stevenbjacobs@gmail.com> wrote:

> Rees,

> Following up on my email below, I was able to get most but not all of these open. Please send me the natives as you have done in the past.

> A few notes:

> 1) Obviously there is still a great deal missing, including whatever documents substantiate your claims from last June that my account email was changed using a SSN (which you apparently had at the time).  Given that you had this at the time, I don't understand why you have been unable to produce it to date.

> 2) Where are you on custodians and searches.  We should be well advanced by now, but I still have not heard back.  From what I have seen from this batch, Ryan

Foppert and Michael Rybcynski need to be added as custodians.

3) Not totally relevant to the lawsuit (although it may turn out to be), but it is absolutely insane and utterly remarkable how different your client's "VIP hosts" treat people to their faces vs. what they say behind their backs.  Shameful and disgusting behavior.

4) There are some mentions of the Spanky situation which clearly led to other communications which do not appear to be included in this production.  This goes along with (2), but can you please advise?  An incomplete production is not worth much.  As previously mentioned, I need a date certain by which DK can complete its production.

Best,

Steve

On Tue, Oct 1, 2024 at 7:38 PM Steven Jacobs <stevenbjacobs@gmail.com> wrote:

> Jason, I can't seem to access this, are there natives?  Even the one document in the native folder appears inaccessible.
>
> On Tue, Oct 1, 2024 at 3:16 PM Lipton, Jason <jlipton@coblentzlaw.com> wrote:
>
>> wUtHlstunl2+aBrO3Lyu
>>
>> **Jason Lipton** | Senior Litigation Paralegal and e-Discovery Coordinator
>> **Coblentz Patch Duffy & Bass LLP**
>> 415-293-6434 | Office 415-391-4800

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.

**From:** Lipton, Jason
**Sent:** Tuesday, October 1, 2024 3:16 PM
**To:** Steven Jacobs <stevenbjacobs@gmail.com>
**Cc:** James T. Sandnes <jsandnes@skarzynski.com>; Bhavleen Sabharwal <Bsabharwal@bsablaw.com>; Yu, Victor H. <vyu@coblentzlaw.com>; Mandel, Emlyn <EMandel@coblentzlaw.com>; Yin, Clifford <cyin@coblentzlaw.com>; Morgan, Rees <rmorgan@coblentzlaw.com>
**Subject:** 017373.0018 Doe v. DraftKings Inc - Case No. 1:24-cv-03077-NCM-VMS | Production DRAFTKINGSDOE_PROD003

Counsel,

Please see the attached letter.  The password to decrypt the production will follow.

Regards,

Jason

**Jason Lipton** | Senior Litigation Paralegal and e-Discovery Coordinator

**Coblentz Patch Duffy & Bass LLP**
One Montgomery Street, Suite 3000
San Francisco, CA 94104
415-293-6434 | Office 415-391-4800
jlipton@coblentzlaw.com
www.coblentzlaw.com

This transmittal is intended solely for use by its
addressee, and may contain confidential or legally
privileged information. If you receive this transmittal
in error, please email a reply to the sender and delete
the transmittal and any attachments.

<10.7.24 DK SAC (In Track).docx>