

**Darren M. Richie, Esq.**
Jenae McDonald, Esq.
Kaeleen Kosmo, Esq.
Courtney Prado, Esq.
James Miller, Esq.
Tory Pankopf, Esq.
Tara Aleagha, Esq.
Clemente Gonzalez, Esq

November 14, 2025

<u>*Via ECF Filing & Facemail*</u>
The Hon. Vera M. Scanlon
United States District Court for the New York Eastern District
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

      RE: Steven B. Jacobs v. DraftKings Inc.
         Case No. 1:24-cv-03077-NCM-VMS
         PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
         (ECF No. 80)

**Dear Judge Scanlon:**

Plaintiff Steven Jacobs respectfully submits this letter in opposition to Defendant DraftKings Inc.'s ("DraftKings") Motion to Compel (ECF No. 80). The Motion is a textbook example of disproportionate, harassing, and bad-faith discovery. It seeks irrelevant and invasive personal information, demands production of documents already in DraftKings' own possession, and fundamentally misrepresents Plaintiff's cooperation and discovery responses. The Motion appears designed not to obtain relevant information but to harass Plaintiff and drive up the costs of litigation. For the reasons set forth below, the Motion should be denied in its entirety, and Plaintiff should be awarded his reasonable expenses incurred in opposing it.

  I.  **DRAFTKINGS' REQUESTS FOR COMMUNICATIONS ALREADY IN ITS POSSESSION ARE DUPLICATIVE AND HARASSING**

DraftKings' first and fourth requests for relief seek to compel production of documents responsive to RFPs 1–11, 15–19, 21–26, and 32–47, and to compel searches of three email accounts. These arguments lack merit.

DraftKings concedes that the "bulk" of these RFPs concern Plaintiff's "purported exchanges with DraftKings employee Joseph Di Chiaro." These communications are with DraftKings. They reside on DraftKings' servers. DraftKings produced them to Plaintiff. There is no legitimate basis to demand that Plaintiff reproduce DraftKings' own documents. Such a demand is unreasonably cumulative and duplicative under Rule 26(b)(2)(C)(i). DraftKings' insistence that Plaintiff must produce documents housed entirely within DraftKings' systems underscores the manufactured and harassing nature of this Motion. DraftKings' demand concerning the email



addresses mayomi.o.sanchez@gmail.com and iceboxbatcave@gmail.com is equally baseless. Plaintiff's counsel confirmed that these accounts were "burner" accounts used exclusively for DraftKings and other sportsbooks—ironically, for the purpose of protecting Plaintiff from the very type of unauthorized disclosure and harassment that is central to this action. These accounts have been searched and contain no responsive, non-privileged documents that DraftKings does not already possess. The issue is therefore moot.

## II. DRAFTKINGS' DEMAND FOR IRRELEVANT AND HIGHLY INVASIVE PERSONAL INFORMATION MUST BE DENIED

DraftKings next seeks to compel responses to RFPs 12–14, 20, and 27–31. These requests target two categories of information that are profoundly irrelevant and extraordinarily invasive: Plaintiff's personal finances and unrelated decade-old litigation.

### A. Plaintiff's Financial Information Is Irrelevant and Intrusive

DraftKings seeks documents regarding all money deposited into Plaintiff's DraftKings account and communications with anyone who "gave or loaned him funds." DraftKings claims this relates to "source of funds," a concept that is unrelated to any claim or defense in this case.

This case concerns DraftKings' conduct, DraftKings' disclosures, DraftKings' misrepresentations, DraftKings' breaches of trust, and DraftKings' collaboration with individuals who endangered Plaintiff. Whether Plaintiff wagered using his own earnings or borrowed funds is irrelevant to whether DraftKings could leak his private information to someone who had threatened him, assist in unauthorized access to his account, or lie about VIP events to induce his continued wagering. DraftKings' real motive is to pry into Plaintiff's private financial life, not to obtain relevant discovery.

The requests constitute a fishing expedition, violate Plaintiff's financial privacy, and are not proportional to the needs of a case involving DraftKings' tortious conduct.

### B. DraftKings' Attempt to Obtain Documents from Unrelated Litigation Is Pure Harassment

DraftKings also seeks documents relating to "any other legal actions" Plaintiff has been involved in, specifically targeting *Jacobs v. Bronson*. That case, as DraftKings knows, involved a 2016 promissory note and was litigated in 2020. The events occurred nearly a decade before the facts at issue here and have no relevance to this tort action. This request is an effort to dredge up unrelated personal matters to embarrass Plaintiff.

DraftKings itself is routinely involved in dozens or hundreds of lawsuits, yet Plaintiff has not demanded production of DraftKings' entire litigation history. DraftKings would not comply with



such a request, and rightly so. Its attempt to impose that burden on Plaintiff is improper and should be rejected as irrelevant and harassing.

### III. DraftKings' Request for Forensic Imaging Is Drastic, Disfavored, and Entirely Unjustified

DraftKings' extraordinary request for forensic imaging of Plaintiff's personal cell phone is unsupported both legally and factually. It is also deeply ironic given that DraftKings has strategically withheld communications from its own witnesses' devices.

Forensic imaging is a drastic and disfavored remedy, reserved for circumstances involving a specific and credible showing of spoliation or intentional concealment. DraftKings makes no such showing.

DraftKings' position is internally inconsistent. It argues that Plaintiff's text-message production is "incomplete and unreliable," yet simultaneously argues that the content of the produced messages "directly contradict" Plaintiff's allegations, citing messages about account disclosure or hypothetical dinners. DraftKings cannot simultaneously rely on the messages as accurate for its merits arguments while claiming they are too incomplete to trust for discovery.

DraftKings' stated concerns are pretextual. Its references to "blurred," "cropped," or "out-of-sequence" screenshots do not justify a forensic search. If DraftKings identifies a specific screenshot that is unclear, Plaintiff will supply a clearer version. Similarly, DraftKings' assertion of "gaps" due to screenshot format is incorrect, as is its assertion that messages are missing. Plaintiff has produced every written communication he has exchanged with "Spanky." To the extent DraftKings prefers an alternative format, Plaintiff will confer and accommodate reasonable requests.

DraftKings' reliance on the allegedly contradictory content of messages is an argument it may raise, if at all, on summary judgment—not a basis for invasive discovery.

Forensic imaging of Plaintiff's personal device would expose irrelevant private information and privileged communications and is wholly disproportionate. DraftKings has not subjected any of its own witnesses to such a process, including the individuals central to this case. Its request must be denied.

### IV. DraftKings Grossly Misrepresents Plaintiff's Interrogatory Responses While Ignoring Its Own False Verification

DraftKings' request for amended interrogatory responses is based on mischaracterizations. Plaintiff's responses are proper and complete subject to his objections.



It is particularly notable that DraftKings complains about Plaintiff's interrogatory responses while ignoring the fact that the individual who verified DraftKings' own responses testified on November 12 that he did not recall signing the verification, that he lacked the ability to respond to certain interrogatories, and that he made false statements under oath. These admissions place DraftKings' verified interrogatory responses in serious doubt and underscore the lack of candor in its Motion.

V.      Conclusion

Plaintiff respectfully requests that the Court deny DraftKings' Motion to Compel in full. DraftKings' request for fees should be denied, and Plaintiff should be awarded his reasonable expenses and fees incurred in opposing this baseless Motion pursuant to Rule 37(a)(5)(B).

/s/ Darren M. Richie
Darren M. Richie

DRE LAW, APC
900 Wilshire Blvd., Ste 1225
Los Angeles, CA 90017
Tel:  (213) 817-5586