UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN JACOBS,

                *Plaintiff,*

    – against –

DRAFTKINGS, INC.,

                *Defendant.*

**MEMORANDUM & ORDER**
24-cv-03077 (NCM) (VMS)

**NATASHA C. MERLE**, United States District Judge:

Before this Court is Defendant DraftKings, Inc.'s objection to the magistrate judge's discovery order dated May 13, 2026 (the "May 13, 2026 Order" or the "Order"), ECF No. 113. The Court assumes the parties' familiarity with the underlying facts and procedural history, to which it refers only as necessary to explain its decision to overrule that objection.

In the May 13, 2026 Order, Chief Magistrate Judge Scanlon held that DraftKings' Chief Executive Officer, Jason Robins, was not excused from providing a deposition in this case under the "apex doctrine." Order 1-3.[1] She explained that "apex depositions are generally permitted where 'the executive has first-hand knowledge of important facts and/or when there are not other, less intrusive means to obtain the information.'" Order 2 (quoting *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22-cv-05974, 2024 WL 3833882, at *4 (S.D.N.Y. Aug. 14, 2024)). Applying that standard, she noted that

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

"[t]he second amended and supplemental complaint . . . include[d] allegations as to the course of events leading to Plaintiff's claims that specifically involve[d] . . . Jason Robins," including allegations "noting the 'close relationship' among . . . Jason Robins, Defendant and Spanky and the attendance of . . . Jason Robins at the conference, during which [he and others] allegedly revealed Plaintiff's information to Spanky." Order 2–3 (quoting Second Supplemented Amended Compl. ¶¶ 29, 35, 40 120, 143, ECF No. 103). Accordingly, she held that "[p]laintiff may depose . . . Jason Robins, . . . for up to the seven hours permitted by the Federal Rules of Civil Procedure . . . as [he] may have unique information that is unobtainable from other sources." Order 3.

DraftKings now argues that Chief Magistrate Judge Scanlon misapplied the apex doctrine because she did not consider whether Robins' testimony should be limited to the specific subjects on which Robins allegedly has knowledge—i.e., "Robins's alleged attendance at industry conferences also attended by Gadoon 'Spanky' Kyrollos, and any purported communications or interactions Mr. Robins personally had with Spanky concerning Plaintiff." Objection to Magistrate Judge Decision ("Obj.") 8, ECF No. 116. It further argues that she did not properly consider whether other, less-intrusive discovery was already available to plaintiff. Obj. 9–10. For example, defendant states that it has already "offered a Rule 30(b)(6) witness on business relationships between DraftKings and Spanky/BetBash and on communications between DraftKings executives and Spanky, limited to communications regarding Plaintiff." Obj. 9. Finally, it argues that Chief Magistrate Judge Scanlon did not properly weigh the significant business disruption and concern for harassment raised by making Robins sit for a full-day deposition. Obj. 10–12.

Plaintiff responds that DraftKings did not ask Chief Magistrate Judge Scanlon to impose any of the specific limits on Robins' deposition that defendant now seeks, and on "highly deferential" review of a magistrate judge's ruling under Rule 72(a) of the Federal Rules of Civil Procedure, district courts are generally confined to the factual record and legal arguments presented to the magistrate judge. Brief in Opposition to Objection ("Opp'n") 6–8, ECF No. 122 (quoting *Anderson v. Pheonix Beverage Inc.*, No. 12-cv-01055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015)). Thus, he argues, DraftKings' objection is procedurally improper. Opp'n 9–11. He additionally argues that Chief Magistrate Judge Scanlon's ruling was not clearly erroneous or contrary to law—as illustrated by the multiple cases cited by DraftKings in which a deposition was permitted to go forward—and that DraftKings has not shown good cause for the deposition limitations it seeks. Opp'n11–14.

DraftKings failed to raise the relief it seeks here before Chief Magistrate Judge Scanlon. In its letter objecting to the proposed deposition of Robins, DraftKings did not argue that, in the alternative, if the magistrate judge did grant that deposition, the deposition should be limited in time, taken remotely, and narrowed to certain topics. *See* Opp'n to Mot. to Compel at 3–4, ECF No. 71. Thus, defendant has forfeited those arguments. *See Siani v. State Univ. of New York at Farmingdale*, No. 09-cv-00407, 2011 WL 2580361, at *3 n.2 (E.D.N.Y. June 28, 2011) (declining to consider a party's request for a fine or cost-shifting sanction that was raised on objection only after the magistrate judge had rejected the movant's initial request for an adverse inference); *Lopez Espiritu v. Hartman*, No. 16-cv-04623, 2020 WL 93891, at *3 (E.D.N.Y. Jan. 8, 2020) (noting that

in reviewing the magistrate's ruling under Rule 72(a), "courts generally do not entertain new legal arguments not presented to the magistrate judge").[2]

Defendant attempts to excuse its failure to request alternative relief from the magistrate judge by stating that when plaintiff filed his motion to compel Robins' deposition in October 2025, and defendant opposed that motion, certain relevant discovery had not yet occurred. Obj. at 10. Specifically, plaintiff had not yet filed its Notice of Rule 30(b)(6) Deposition, and the parties had not conferred on deposition topics. Obj. at 10. Thus, defendant argues, the parties did not address the possibility of less intrusive discovery as to Robins in their briefing before Chief Magistrate Judge Scanlon. Obj. at 10.

That explanation does not move the needle. First, defendant does not make clear why not knowing the full scope of future discovery prevented defendant from requesting certain limitations in the alternative. Indeed, defendant could have still requested the time and location limitations. Moreover, even when defendant learned of the topic designations, defendant never sought to limit the topics covered by Robins' deposition in the alternative, despite the parties filing multiple discovery related letters in the period between October 2025 and May 2026, when the magistrate judge ruled on plaintiff's motion. *See, e.g.*, Letter Mot. for Discovery, ECF No. 93 (raising apex doctrine issue); Def.'s Response to Pl.'s Letter Mot. for Discovery, ECF No. 95 (omitting to address apex doctrine issue); Joint Status Letter ("March 13, 2023 Letter"), ECF No. 105 (addressing discovery disputes, including regarding apex depositions).

For example, on March 13, 2026, in a joint letter outlining the parties' outstanding discovery disputes, defendant maintained its position that Robins' deposition was barred

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

by the apex doctrine but noted that it had "made available its operational witnesses with first hand knowledge" who were prepared to testify "on the noticed topics." March 13, 2026 Letter at 9. It stated then that it sought protection "only as to apex or otherwise improper depositions." March 13, 2026 Letter at 9. As demonstrated by those statements, at the time that defendant filed the March 13, 2026 Letter, it was aware of the 30(b)(6) deposition topics and could have argued that Robins' depostion should be limited to the narrower topics it now puts forward.

Additionally, even if DraftKings had not forfeited its claim for relief, it has not shown that Chief Magistrate Judge Scanlon's decision is "clearly erroneous or contrary to law" under Rule 72(a).

This Court reviews a magistrate judge's order on a "pretrial matter not dispositive of a party's claim or defense" pursuant to Federal Rule of Civil Procedure 72(a). "Matters concerning discovery . . . are generally considered nondispositive within the meaning of Rule 72(a)." *Demosthene v. City of New York*, No. 18-cv-01358, 2020 WL 13889767, at *2 (E.D.N.Y. Apr. 17, 2020) (quoting *Adrian v. New York City Transit Auth.*, 96-cv-06204, 1997 WL 1068713, at *2 (E.D.N.Y. June 13, 1997)).

Rule 72(a) requires the Court to "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error requires a "definite and firm conviction that a mistake has been committed" based on the "entire evidence" in the record. *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). A magistrate judge's order may be contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* This is a "highly deferential standard." *Mestecky v. New York City Dep't of Educ.*, No. 13-cv-04302, 2016 WL 7217637, at *1 (E.D.N.Y. Dec. 12,

2016). Thus, "an objecting party carries a heavy burden to prove error." *Rivera v. Lettire Constr. Corp.*, No. 21-cv-06006, 2022 WL 14891414, at *2 (S.D.N.Y. Oct. 26, 2022).

Here, DraftKings appears to agree that Chief Magistrate Judge Scanlon provided and applied the correct legal rule. *See* Obj. 7–8 (adopting the magistrate judge's statement of the "apex doctrine" standard). It argues nevertheless that the Order was clearly erroneous because it should have "carr[ied] that doctrine through to the relief ordered" by *sua sponte* limiting the scope of Robins' deposition to only those topics on which he had personal knowledge. Obj. 7, 8–9.

Yet DraftKings provides no legal support to conclude that failure to *sua sponte* craft limitations not requested by the parties is clearly erroneous or contrary to law. In fact, none of the decisions defendant relies upon so limit the topics of the depositions granted (and, as plaintiff points out, depositions were granted in each of them), after the court concluded that the witness had unique first-hand knowledge of important facts. *See* Obj. 10–11 (citing *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-01570, 2023 WL 4447869, at *12 (S.D.N.Y. July 11, 2023)); Obj. at 11 (citing *Chevron Corp. v. Donziger*, No. 11-cv-00691, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013)); Obj. 7 (citing *Markowitz v. Precipart Corp.*, No. 20-cv-05033, 2022 WL 1508638, at *2 (E.D.N.Y. Apr. 15, 2022) (acknowledging that plaintiff had agreed to a one-hour, video deposition of plaintiff's executive, but not suggesting such limitations were dispositive)); Opp'n 13 (noting that depositions were granted in each of the foregoing cases).

Finally, DraftKing's argument that the May 13, 2026 Order failed to weigh the risk of harassment and business disruption is also forfeited. Nowhere in its letter opposing the deposition did it argue, as it does here, that Robins' "extensive schedule of obligations and responsibilities to the company" would render the deposition unduly disruptive. *Compare*

Opp'n to Mot. to Compel at 3–4, *with* Obj. at 11. This Court thus will not entertain that new argument on Rule 72(a) review. *See Lopez Espiritu*, 2020 WL 93891, at *3.[3] Accordingly, there is no reason to disturb the magistrate judge's order on that ground either.

**CONCLUSION**

For the reasons explained above, DraftKing's objection to the May 13, 2026 Order is overruled.

**SO ORDERED.**

   */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:        June 25, 2026
              Brooklyn, New York

---

[3]      Even if the Court were to entertain that argument, it would note that "the mere fact that [an] executive has a busy schedule or claims no unique knowledge of relevant facts, is simply not a basis for foreclosing otherwise proper discovery." *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 4447869, at *13.