UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STEVEN JACOBS, Plaintiff, -against- DRAFTKINGS INC., Defendant. | : | **ORDER** 24 Civ. 3077 (NCM) (VMS) |

**Vera M. Scanlon, United States Magistrate Judge:**

The Court has considered the motion for sanctions at ECF No. 129 and the opposition to the motion at ECF No. 134. Plaintiff's motion for sanctions at ECF No. 129 is denied.

The Court assumes familiarity with the procedural history of this case, the Court's previous discovery Orders, and the parties' submissions on this motion.

As noted in a separately filed Order on August 18, 2026, Plaintiff failed to properly serve this complete motion, even after Defendant's counsel requested a complete copy of the motion. See ECF No. 132. That conduct in and of itself merits denying this motion.

Nonetheless, the Court turns to the sanctions motion itself. The Court has only considered the submissions at ECF Nos. 129 and 134, and it has not considered the documents that Plaintiff moves for leave to file under seal at ECF No. 130 because they were not attached to the sealing request, and they were not provided to the Court either with the sealing motion or with the sanctions motion. The Court does not find these materials necessary to resolve the sanctions motion, particularly as Plaintiff failed to make the complete motion available to Defendant. Instead, the Court will decide the motion based on the materials served on each side.

In brief, Plaintiff has brought a motion with exaggerated claims about Defendant's (or Defendant's counsel's) alleged noncompliance with a Court Order and about Defendant (or Defendant's counsel) facilitating perjury. Neither allegation appears to have any merit.

As to Plaintiff's complaints about Defendant's document production, Plaintiff alleges that Defendant did not produce enough of the communications of Defendant's senior executives with Mr. Kyrollos. See ECF No. 129. The Court concludes that Defendant's production was sufficient, particularly in light of the scope of the overall document production.

As to the allegation that Defendant violated a Court Order, Plaintiff's claim lacks merit. Defendant correctly characterizes the scope of the search ordered by the Court during the June 17, 2025 conference. See ECF No. 134 at 1-2. The search ordered was of material relating to Plaintiff, not of all material between Defendant and Mr. Kyrollos. See ECF No. 55 at 30-35. The Court later resolved numerous discovery disputes by specifically identifying searches that had to be completed and the dates that needed to be covered by Defendant. See ECF No. 113 (resolving multiple discovery disputes, including ECF No. 70 esp. at pages 9-10). In addition, the Court only required Defendant to search across the nineteen custodians' "internal messaging platforms." ECF No. 113 at 10. Plaintiff also argues that Defendant was required to search Mr. Avello's device and a particular email address, see ECF No. 129 at 2, but this is not supported by the record of the Court's discovery decisions, which focused on work email and messaging accounts. Thus, for example, Plaintiff's argument that Defendant should have produced direct messages from Mr. Robins's X (formerly Twitter) account, ECF No. 129 at 2, lacks merit because X accounts are maintained by a third-party custodian and are not Defendant's email or internal messaging accounts. Plaintiff alleges that Defendant did not produce messages going

back to December 2018, but the Court generally limited the search and production to documents from February 1, 2022, through May 11, 2026. See ECF No. 113 at 9. As Defendant correctly argues, the Court's Order as to the parties' dispute as to the scope of the Fed. R. Civ. P. 30(b)(6) witness(es) reaffirmed the limitations on document discovery and testimony between Draftkings and Mr. Kryollos as focused on Plaintiff. See Order of July 13, 2026 ("Topic 12(c ) is allowed with the limitation proposed by Defendant, for the reasons the Court previously addressed as to document discovery.").

The Court has reviewed the testimony provided that was developed around the messages that Plaintiff argues were produced late. Despite Plaintiff's vociferous arguments, the fundamental issue is not that Plaintiff has not received the subject messages, but that Plaintiff is unhappy with the timing of the second production of some of the messages. See ECF No. 129 at 2 ("[Defendant] did not comply: it never produced . . . until after the deadline had passed, [Mr.] Avello had been deposed, and [Mr.] Robins's examination was nearly complete."). In fact, Plaintiff's counsel used the earlier-produced materials in examining Mr. Robins during his deposition. See ECF No. 129 at 2; ECF No. 134 at 4, and corresponding citations. Thus, Plaintiff acknowledges that it did receive the messages about which he complains. The Court does not identify any prejudice to Plaintiff because of the date of the production of the duplicate messages, especially given that the testimony indicated that they were duplicates of prior discovery, and Plaintiff already had the documents for many months prior to the depositions. See ECF No. 134-1 ¶ 6; ECF No. 134-6 at 2.

In the motion, Plaintiff now claims that metadata associated with the messages in the possession of the second custodian would have been relevant to its discovery, see ECF No. 129 at 3, but Plaintiff fails to describe what that relevance would have been or how it might have

changed the deposition (other than Plaintiff's counsel somehow missing out on the opportunity to surprise a witness). For example, Plaintiff does not allege that the timestamps on messages were altered, that messages in the correspondence are missing, that other parties had access to the messages who have not been identified, or any other possibly relevant fact that metadata might have revealed or confirmed.

It is concerning to the Court that Plaintiff raised such serious allegations about discovery misconduct in such an incomplete manner. In the motion, Plaintiff failed to note the February 2026 date of production of the messages, almost four months before the depositions about which Plaintiff complains. See ECF No. 134-1, para. 6. Plaintiff did not discuss with Defendant's counsel the alleged gap in production before the depositions. See ECF No. 134 at 2 ("Plaintiff therefore possessed those communications months before both depositions, yet never raised the purported issue with [Defendant], moved to compel production of duplicate copies, or sought clarification of the Court's discovery orders. . . . Instead, Plaintiff raised the issue for the first time during Mr. Avello's deposition on June 24, 2026."). Plaintiff also failed to explain in its motion why Defendant's counsel's review of the discovery production, ECF No. 134-1, para. 7, and ECF No. 134-6 (Ex. E), was not sufficient to remedy any alleged problem. See, e.g., ECF No. 134-9 (page 159) (acknowledging that an earlier produced and recently produced message were the same); ECF No. 129 at 2 (complaining about the nonproduction but not denying that Plaintiff "already possessed" the messages at the time of Mr. Avello's deposition).

As to the testimony about which Plaintiff claims Defendant (or Defendant's counsel) facilitated perjury, the parties have identified a disagreement in their positions as to the historical record, which appears to rest in part on differing credibility assessments. The Court is not the factfinder as to credibility at this stage. It is not appropriate for Plaintiff to seek an extreme

tactical advantage in this litigation by making such serious allegations against Defendant and Defendant's litigation conduct, when in an adversarial system such as ours, there can be conflicting testimony without the dispute rising to the level of perjury. The Court has reviewed the deposition testimony of Mr. Avello to the extent it is cited at ECF No. 129, page 2, which Defendant characterizes as "false," id. As to Mr. Avello's testimony that he did not have information about particular topics, that his recollection was refreshed after reviewing documents does not make the statements about his lack of recollection false. If this were the case, the Court would face innumerable motions requesting a declaration of perjury, as the practice of refreshing a witness's recollection is commonplace and permitted by the Rules of Evidence, and it often leads to different testimony based on refreshed recollections. By way of another example, Plaintiff claims that the late production of the duplicate messages "destroyed" their value at the deposition, see ECF No. 129 at 1, but does not explain what value was lost. Instead, Plaintiff's counsel seems to regret that he lost a "gotcha" moment in the deposition: "Reopening alone cannot cure it: the witnesses have seen the exhibits, and the first, unrehearsed examination is gone." ECF No. 129 at 4. Plaintiff's counsel does not state what he would have done differently during Mr. Robins's deposition if he had received the second set of messages earlier. See ECF No. 129 at 2. Moreover, Plaintiff failed to take advantage of the deposition opportunity available. Based on the time stamps on the transcript of Mr. Robins's deposition, from 9:24 a.m. to 2:16 p.m. on June 30, 2026, the deposition did not even go seven hours, see ECF No. 134-9 at 2, but somehow, Plaintiff's counsel was not able to examine the witness thoroughly. (Notably, a similar failure to identify actual deficiencies in a deposition taken by Plaintiff in connection with a discovery motion supported the denial of Plaintiff's motion regarding the Jones deposition. See ECF No. 113 at 4.)

Plaintiff's allegations as to sanctionable conduct lack factual merit, and they do not meet the standard of Fed. R. Civ. P. 37 or any other exercise of the Court's inherent authority to supervise discovery. Plaintiff's arguments are not based on the actual scope of discovery permitted by the Court, but, rather, they are based on what Plaintiff wanted the authorized scope to be. Plaintiff argues that Plaintiff should be granted a "permissive adverse inference" that would decide the allegation at the heart of Plaintiff's case in Plaintiff's favor—that Mr. Kyrollos had access to Defendant's "upper echelon" such that he was able to obtain Plaintiff's private information, or that the jury should be instructed to assume such facts to be true but be left to draw its own conclusion. See ECF No. 129 at 3. Plaintiff's position that the Court should collapse the key factfinding exercise in the case into a presumption or assumption in Plaintiff's favor based on what, even if found to have occurred, would amount to minor discovery errors, cannot be accepted by the Court. Defendant has not violated the Court's Orders, and as importantly, Plaintiff has not identified any actual prejudice to Plaintiff such that any sanction should be imposed. Even if sanctions were to be imposed—and they will not be—the principle that the Court should consider the efficacy of lesser sanctions would lead the Court to simply require Defendant to confirm that Defendant has made a complete production of the subject messages, and if not, to produce them, and if the production had been meaningfully incomplete, to give Plaintiff an opportunity to continue the deposition or depositions. Given that the Court has not found any discovery violation, and Plaintiff had the materials by the time of the deposition and did not even use all of the available time for the deposition, the Court will not entertain awarding any relief, even the most mild of sanctions.

On a final note, the Court has reviewed the relief sought by Plaintiff, which is primarily greatly expanded discovery, including forensic collection and reopened discovery. See ECF No.

129 at 4. This appears to be the heart of Plaintiff's motion—an effort to have the Court revisit discovery limitations with which Plaintiff disagrees, and to give Plaintiff more time to conduct discovery. A sanctions motion is not the proper vehicle through which to seek reconsideration or an appeal of the Court's prior discovery orders. The Court is also not inclined to give the parties any additional time to conduct fact discovery, which is scheduled to conclude tomorrow, August 21, 2026. As noted in the Court's Order of July 13, 2026, the Court has already granted several discovery deadline extensions. The Court stated in the July 13th Order: "Counsel should not expect that the Court will grant any additional extensions absent good cause and extraordinary circumstances because the Court has already granted numerous discovery extensions. See ECF Orders 8/12/2024 (allowing limited document discovery); 6/18/2025 (setting discovery schedule); 11/13/2025 (granting motion to extend discovery); 12/10/2025 (granting motion to extend discovery); 3/27/2026 (granting motion to extend discovery in light of the filing of the amended and supplemental pleadings); 5/13/2026 (granting discovery extension)." This sanctions motion does not satisfy the good cause and extraordinary circumstances required to merit another extension of fact discovery.

For the reasons discussed, Plaintiff's motion is denied.

Dated: Brooklyn, New York
August 20, 2026

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge