UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STEVEN JACOBS, Plaintiff, | | **ORDER** |
| -against- | | 24 Civ. 3077 (NCM) (VMS) |
| DRAFTKINGS INC., Defendant. | | |

**Vera M. Scanlon, Chief United States Magistrate Judge:**

For the reasons stated herein, the Court discharges its order to show cause and declines to impose fees under Rule 37(a)(5)(A).

## I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case. On May 13, 2026, the Court issued an order to show cause following its resolution of various discovery motions. See 5/13/2026 Order. The Court explained:

> In relation to Defendant's motion to compel Plaintiff's responses to its third set of discovery requests, Plaintiff's counsel, being of the view that Defendant had "substantial and ongoing production failures," informed Defendant's counsel that Plaintiff's counsel "'will not be discussing [their] client's production any further sans judicial oversight,'" directing Defendant's counsel "to 'address all of [their] concerns with the Honorable Magistrate.'" ECF No. 88 at 1 (citation & quotations omitted). Pursuant to the undersigned's Individual Practice Rule III(b), "[p]arties must make a good faith effort, pursuant to the Federal and Local Civil Rules to resolve disputes before making a motion." Plaintiff's counsel refusal to do so was unjustified.

Id. Because Defendant's motion was substantially granted, Plaintiff's counsel was ordered to show cause "as to why Plaintiff and Plaintiff's counsel should not be sanctioned pursuant to

Federal Rule of Civil Procedure 37(a)(5)(A), requiring such counsel 'to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" Id.

Plaintiff's counsel timely responded. See ECF No. 117. Plaintiff's counsel states that "[f]or months prior and months after the email communication at issue, Counsel engaged in good faith in multiple meet and confer discussions." Id. at 1. Plaintiff's counsel says he "had a good faith belief that the parties reached an impasse on that particular issue." Id. Thus, Plaintiff's counsel argues that his conduct "was substantially justified" for the following reasons:

> By the time of the email at issue, the parties had been actively conferring on overlapping discovery disputes for months. Defendant's Third Set substantially overlapped categories on which the parties had already reached an objective impasse, and Defendant's positions on those overlapping categories had not changed.
>
> Counsel's good-faith assessment — that further iterative correspondence on the same categories would not narrow the dispute and that judicial guidance was the appropriate next step — was reasonable. That assessment has been borne out by the Court's May 13 ruling. The Court denied Defendant's request as to several categories on the merits, including documents relating to the Bronson settlement (relevance not established), bar and character-and-fitness materials (confidentiality outweighed marginal relevance), and other items. ECF No. 113 Sec. II(C). The Court's resolution required substantive judicial line-drawing across multiple categories — precisely the type of "genuine" dispute the Advisory Committee identified as substantially justifying judicial resolution.

Id. at 2.

Even if the Court were to find that Plaintiff's counsel was not substantially justified in his conduct, Plaintiff's counsel argues that several other circumstances would make a fee award unjust under Rule 37(a)(5)(A)(iii). Id. at 3-4. First, the Court's May 13, 2026, Order recognized that this case "is being vigorously litigated by both parties" and denied "wholesale" the parties' cross-requests for sanctions on merits-based discovery disputes. Id. at 3. Plaintiff's counsel argues that imposing sanctions on it for declining to engage in further correspondence where there was a genuine, contested issue and substantial meet-and-confer efforts "would be

incongruent with the Court's own characterization of the litigation." Id. Second, Plaintiff's counsel emphasizes that Defendant's conduct contributed to the posture of the discovery disputes, and the fact that the Court ordered Defendant to make additional productions "reflects the deficiencies [Plaintiff's] counsel referenced in declining further conferral on the Third Set without judicial guidance." Id. at 3-4. Third, Plaintiff's counsel notes that the conduct at issue is a single email line, rather than a categorial refusal to participate in the discovery process. Id. at 4. Plaintiff's counsel maintains that it did not refuse to confer on Defendant's prior and future discovery requests, and it would be disproportionate to impose sanctions based on one sentence in one email. Id. In closing, Plaintiff's counsel says that it "is confident, if the Court were to inquire, that despite the hard-fought nature of this case, Defendant's counsel (every single one of them and there are many) would inform the Court that Counsel has been a steward; a textbook example of an Officer of the Court and that they enjoy their working relationship with Counsel." Id. Plaintiff's counsel represents that it will abide by the undersigned's Individual Practice Rules and work to avoid burdening the Court with unnecessary issues going forward. Id.

## II. DISCUSSION

Under Rule 37(a)(5)(A), when a party provides discovery in response to a motion to compel discovery, the Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A), unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Here, the Court is satisfied by Plaintiff's counsel's fulsome response and finds that counsel's refusal to respond further to Defendant's third set of discovery requests was substantially justified. This case has been vigorously litigated by both parties, and the underlying dispute was the product of genuine, hard-fought disagreements. Several of Plaintiff's counsel's positions were partially sustained by the Court's May 13, 2026, Order. See ECF No. 113, Sec. II(C).

Plaintiff's counsel engaged in multiple good faith, meet-and-confer discussions for several months before the email correspondence at issue. See ECF No. 117 at 1. Plaintiff's counsel's explanation that it determined "further iterative correspondence on the same categories would not narrow the dispute and that judicial guidance was the appropriate next step" is reasonable. Id. at 2. Although Plaintiff's counsel's choice of expression was unnecessarily rigid as to future discovery negotiations, the Court accepts Plaintiff's counsel's reassurance that he will abide by the undersigned's Individual Practice Rules requiring the parties to make a good faith effort to resolve disputes before making a motion. Id. at 4. Based on the foregoing circumstances, the Court finds that Plaintiff's counsel's conduct was substantially justified and imposing fees would be inappropriate. Accordingly, the Court discharges its order to show cause and declines to impose fees under Rule 37(a)(5)(A).

## III. SCHEDULE

In a joint status letter submitted on August 21, 2026, the parties identified the following outstanding issues: (1) 30(b)(6) deposition of DraftKings' corporate designee, Joseph Di Chiaro; (2) Plaintiff's Rule 45 subpoena to non-party Michael P. Jones; (3) DraftKings' Rule 45 subpoena to non-party Oscar Jones; and (4) final amended interrogatory responses. See ECF No. 136 at 1-2. To the extent that these matters remain unresolved, the parties are ordered to

complete all fact discovery by December 11, 2026. By the same date, the parties must file a joint letter confirming the close of fact discovery. Expert discovery will proceed as follows:

- Opening expert designations: December 11, 2026
- Opening expert reports: January 12, 2027
- Rebuttal expert reports: February 28, 2027
- Close of expert discovery: March 23, 2027

By March 23, 2027, the parties must file a joint letter confirming the close of all discovery. By April 22, 2027, counsel must commence motion practice consistent with the District Judge's Individual Rules. The parties are encouraged to pursue mediation through the Court-annexed mediation program. The parties may request such a referral to the Court-annexed mediation program at any time by filing a joint request on ECF.

Dated: Brooklyn, New York
November 18, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge